# COMMONWEALTH v. LIZZIE GREEN.

ERROR TO THE COURT OF QUARTER SESSIONS OF NORTH-
AMPTON COUNTY.

Argued March 12, 1889—Decided May 27, 1889.

[To be reported.]

1. The grand jury may act upon and make presentment only of such offences as are of public notoriety and within their own knowledge, such as nuisances, seditions, etc., or such as are given to them in charge by the court or by the district attorney, but in no other cases without a previous examination of the accused before a magistrate.
2. When a grand jury made presentment of a defendant for keeping a bawdy house, acting upon the testimony of certain witnesses examined before them upon an indictment for an assault and battery preferred against another defendant, an indictment preferred thereon by the district attorney, with leave, and returned a true bill will be quashed.
3. On the hearing of the motion to quash, a member of the grand jury by whom the presentment was made is a competent witness to testify to the fact that that body in making the presentment acted upon such testimony, and not upon their *own* knowledge and observation of the character of the house kept and maintained.
4. Where the testimony of the grand juror, offered at the hearing of the motion to quash, is objected to, objection overruled and an exception sealed, the question as to the admissibility of the testimony is properly brought upon the record, under the provision of § 1, act of May 19, 1874, P. L. 219.*

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 22 January Term 1889, Sup. Ct.; court below, No. 13 April Term 1888, Q. S.

On February 15, 1888, the grand jury made a presentment that one Lizzie Green on February 13, 1888, and on divers other days, etc., in the borough of South Bethlehem in the county of Northampton, did keep and maintain a common bawdy house and place for the practice of fornication, to the common nuisance, etc. On the same day, on leave granted by

---

* See Commonwealth *v.* Bradney, ante, p. 199.

the court, the district attorney laid before the grand jury an indictment charging said Lizzie Green with said offence, which indictment on the same day was returned a true bill.

The cause was called for trial on April 10, 1888, when the defendant's counsel made a motion to quash the indictment for the following reasons :

" 1. The said indictment is not based upon an accusation made before a committing magistrate, founded upon probable cause, and supported by oath or affirmation.

" 2. The said indictment is not based upon a presentment by the grand jury made from the personal knowledge or observation of its members, or upon the testimony of witnesses who had been previously examined under oath orally or in writing by the court, and by the court sent before them.

" 3. There is no precedent or authority for the action of the grand jury in calling before them witnesses from whom they got the information on which they based the presentment, without having first obtained the permission of the court.

" 4. The offence charged in the said indictment is not of such a nature as to require the extraordinary intervention of the court, as that the grand jury, at the instance of the court, should be directed to proceed to its investigation.

" 5. The offence charged in the said indictment is not of such public notoriety as to justify the district attorney in exercising his extraordinary power of sending it before the grand jury, to be investigated by them, without a previous prosecution before a magistrate.

" 6. The defendant is deprived of her constitutional rights. She has had no opportunity to ' demand the nature and cause of the accusation against her ; to meet the witnesses face to face ; to be heard by herself or her counsel ; ' and she is deprived of her liberty by other than the ' law of the land.' "

On the hearing of this motion, the defendant called Dr. W. E. Buckman, a member of the grand jury by whom the presentment was made upon which said indictment was based, to testify as a witness.

The district attorney objected, that a member of the grand jury could not be called to testify as to what took place in the grand jury room, or as to what influenced the grand jury in making the presentment.

By the court: Objection overruled; exception.[2]

The witness then testified, in substance, that none of the grand jury knew the defendant, or the character of the house she kept, but that while hearing the testimony introduced to sustain an indictment against another defendant for an assault and battery committed at the house of Lizzie Green, the character of her house was developed and the grand jury had made the presentment of their own motion.

The court, W. W. SCHUYLER, P. J., delivered the following opinion:

At the last February Sessions of this court the grand jury made a presentment charging the defendant with keeping and maintaining a common bawdy house. The district attorney, by leave of court, sent before the grand jury a bill of indictment based upon this presentment and a true bill was returned. When the cause was called for trial, the defendant, through her counsel, moved to quash the indictment, on the ground that it was not based upon an accusation made before a committing magistrate, founded on probable cause, and supported by oath or affirmation; that it was not based on a presentment by the grand jury made from the personal knowledge or observation of its members, or upon the testimony of witnesses sent before them by the court; and that the offence is not of that nature which required the extraordinary intervention of the court, to order it to be investigated by the grand jury.

Substantially the same objections were urged, without effect, against the indictment in McCullough v. Commonwealth, 67 Pa. 30, but in that case the indictment was grounded on a constable's return, a return which the constable was bound to make and which was in the nature of an official information. Besides, the return was made under the sanction of a special oath, which the Supreme Court treated as the equivalent of an oath and charge before a magistrate. So in Commonwealth v. Wilson, 2 Chest. Co. R. 164, the attempt to quash the indictment failed, although there had been no previous hearing and binding over of the defendant to answer. The indictment in this case was based on a presentment for selling hard cider without a license. But the court had " given in charge " to the grand jury by whom the presentment was made, the subject of

the frequent violations of the license laws, and had instructed them to present to the court any information they possessed which might aid in lessening the evil referred to. There can be no doubt that the grand jury may make a valid presentment in reference to any criminal matter that has been given them in charge by the court. Brown v. Commonwealth, 76 Pa. 319, is another case in which the attempt to quash the indictment on the ground that it had been "sent before the grand jury without previous prosecution, hearing or binding over," proved unsuccessful. The objection in this case, however, was purely technical. There had been a trial and conviction of the same defendant on an indictment found presumably in the regular way, but the judgment was reversed by the Supreme Court. The district attorney then sent up a new indictment, but without a new complaint or binding over. Clearly there was nothing wrong in that.

The case in hand differs from those mentioned above. Here, during the investigation of an indictment against a third party for assault and battery, the grand jury learned for the first time of the existence of the house kept by the defendant. Following the cue thus received, the grand jury, of their own motion, without authority from or even the knowledge of the court, called before themselves witnesses, and upon the information thus gained they made their presentment. It is not pretended that a single grand juror had any personal knowledge respecting the defendant or the house kept by her. That this was an unusual mode of proceeding is beyond question. That it was unlawful is made equally clear by the exhaustive discussion of the general subject by Judge KING in Lloyd's Case, 3 Clark 188.

On the argument of the motion to quash, we permitted the defendant to examine one of the grand jurors, against the protest of the district attorney, to show that the presentment was not made upon the personal knowledge of the grand jury, but upon the testimony of witnesses as above indicated. In Gordon v. Commonwealth, 92 Pa. 220, the court say that the oath of secrecy administered to grand jurors "should not be so construed as to punish the innocent, or obstruct the due course of justice."

There is no pretence that the grand jury did the defendant

an intended wrong. They acted innocently, and there would seem to be no good reason why they should not be permitted to give testimony, the sole purpose and effect of which is to enable the court to correct a mistake which, however innocent, if permitted to go uncorrected, will deprive the defendant of a valued right. But even without the oral testimony, we think this indictment should be quashed, it not appearing upon the record affirmatively that the case presented was one that fell within the extraordinary jurisdiction of the grand jury.

April 12th, 1888, indictment quashed.[1]

Thereupon the district attorney took this writ, assigning as error:

1. The order quashing the indictment.[1]
2. The admission of plaintiff's offer.[2]

*Mr. R. C. Stewart,* District Attorney, for the plaintiff in error:

Counsel cited, as to the practice whether writ of error or certiorari, and whether an allocatur is necessary at the suit of the commonwealth, Commonwealth v. Wallace, 114 Pa. 405; act of May 19, 1874, P. L. 219; Commonwealth v. Capp, 48 Pa. 56; as to the admissibility of the testimony of the grand juror, Whart. Cr. Pr. & Pl., 8th ed., § 378; Gordon v. Commonwealth, 92 Pa. 220; Zeigler v. Commonwealth, 12 Cent. R. 497; as to the presentment as a valid basis for the finding of the indictment, 4 Bl. Com., 301; Story's Com., § 928; Whart. Cr. Pr. & Pl., 8th ed., § 337; Lloyd's Case, 3 Clark 188; McCullough v. Commonwealth, 67 Pa. 30; Brown v. Commonwealth, 76 Pa. 337; Rowand v. Commonwealth, 82 Pa. 408.

*Mr. P. C. Evans,* for the defendant in error:

Counsel cited, as to the competency of the grand juror to testify, Gordon v. Commonwealth, 92 Pa. 216; 1 Whart. Ev., § 601; Zeigler v. Commonwealth, 12 Cent. R. 497; as to the presentment as a valid basis for the indictment, State v. Love, 4 Humph. 225; State v. Caine, 1 Hawks 352; McCullough v. Commonwealth, 67 Pa. 30; Lloyd's Case, 3 Clark 188.

OPINION, MR. JUSTICE CLARK:

The indictment in this case was for keeping a disorderly

house; it was based upon a presentment of the grand jury, the indictment having been prepared in pursuance thereof, and sent to a subsequent grand jury, with the permission of the court. A rule was taken to quash the indictment, upon the ground that the presentment was not made upon the knowledge and observation of the grand jury, but upon evidence taken before them on another complaint. At the hearing of the rule, a member of the grand jury was called to testify as to what influenced the grand jury in making the presentment, and it appeared that the presentment was made upon the testimony of certain witnesses examined upon a charge of assault and battery, against some other person than the present defendant, under investigation by the grand jury, and not from their personal knowledge and observation.

That the grand juror was a competent witness for this purpose cannot be doubted: See Gordon v. Commonwealth, 92 Pa. 216, and cases there cited. He did not testify as to his own counsels, or to those of his fellow-jurors, or to any other matters which he was sworn to keep secret, but merely to the nature of the issue or question under investigation, and to the fact that the jury acted upon the testimony, and not upon their own knowledge or observation in making the presentment. If such testimony were not admissible it would be impossible, in most cases, to ascertain the sources of information from which a presentment was made; and, although the charge may be wholly groundless, originating in mere popular clamor, or in the malice of an unknown accuser, not only the accused, but the court itself, would be powerless to develop the facts; for the presentment, although made in good faith, may disclose nothing to indicate the source from which the information came. We can discover no rule of evidence, or of public policy, which would exclude the evidence of a grand juror in such case.

We are equally clear that the testimony of the witness was brought upon the record, under the exception taken at the hearing, according to the provision of the first section of the act of May 19, 1874, P. L. 219. The offer of the witness was to establish the matters alleged as grounds for quashing the indictment, and the testimony was in accordance with the offer. The only question is upon the sufficiency of the evidence, and of this there can be no doubt. The fact must therefore be taken

as established, that the presentment was made upon the testimony of witnesses examined before the grand jury, and not upon the knowledge and observation of the grand jurors.

Criminal actions are usually instituted upon complaint, under oath, before a magistrate or other proper officer, upon which, if it appear that a criminal offence has been committed within the jurisdiction, a warrant is issued and the defendant arrested and brought before the magistrate for a hearing. If, upon the hearing, there be a probable case of guilt, the prisoner is held for trial in the court having jurisdiction of the offence. Whilst this is the usual method pursued in criminal procedure, there are certain exceptional or extraordinary modes of preferring criminal charges, well recognized in practice. These extraordinary modes of criminal procedure are very fully defined and set forth in the foot-notes to Wharton's Criminal Law, page 458, in a charge of the late Judge King, which has in a number of cases received the approval of this court.

Three exceptions to the general method of procedure are there recognized. The first of these is, " where criminal courts, of their own motion, call the attention of grand juries to, and direct the investigation of, matters of general public import, which, from their nature and operation in the entire community, justify such intervention." This power of the court, it is said, will only be thus exercised, however, in the investigation of general and public evils, such as great riots, general public nuisances, and flagrant vices ; it will not be applied in cases of ordinary crime.

The second exception is, " where the attorney-general, ex officio, prefers an indictment before a grand jury, without a previous binding over or commitment of the accused." This power is properly exercised where there is occasion for great haste in applying the machinery of the law, or where the exigencies of the case and the public interests may reasonably require such action to be taken. The procedure in such cases, however, is under the supervision of the court, and if the process and power is misapplied the court will vindicate itself in restraining its exercise.

The third exception is that which is originated by the presentment of a grand jury. A presentment, properly speaking, says the learned judge, is the notice taken by a grand jury of any

offence, from their own knowledge or observation, without any bill of indictment being laid before them at the suit of the commonwealth. This is the definition given in the Law Dictionary by Bouvier, and by Blackstone, 4 Bl. Com. 301, and is the definition recognized and adopted by this court.

It is true that in some of the earlier cases in the Federal Courts, and in some of the states, it has been held that it was within the province and power of the grand jury to call witnesses, and to institute prosecution of their own motion, and the definition given by the late Dr. WHARTON is therefore more comprehensive: Whar. Crim. Law, 212. But he admits that in Pennsylvania the law is now somewhat narrowed, § 455, and that the view which may be considered as accepted in the United States Courts, and in most of the states, is, that the grand jury may act upon and present only such offences as are of public notoriety, and within their own knowledge, such as nuisances, seditions, etc., or such as are given to them in charge by the court, or by the prosecuting attorney, but in no other cases without a previous examination of the accused before a magistrate: Whar. Crim. Law, § 457.

"In this state," says Mr. Justice AGNEW, in McCullough v. Commonwealth, 67 Pa. 33, "the power of the grand jury is more restricted, and the better opinion is, that they can act only upon and present offences of public notoriety, and such as are within their own knowledge; such as are given to them in charge by the court, and such as are sent up to them by the district attorney; and in no other cases can they indict without a previous prosecution before a magistrate, according to the terms of the Bill of Rights: 1 Wh. C. L., ed. 1868, § 458, and note. It has, therefore, been held not to be allowable for individuals to go before the grand jury with their witnesses and to prefer charges. Such conduct is looked upon as a breach of privilege on part of the grand jury and as a highly improper act on part of such volunteers. Its effect is to deprive the accused of a responsible prosecutor, who can be made liable in costs, and also to respond in damages for a false and malicious prosecution. It is in violation of the act authorizing the defendant to refuse to plead, until the name of a prosecutor be indorsed on the bill of indictment. The usual course where a presentment is thus surreptitiously procured, and bill founded

upon it, has been to quash the indictment on motion, and before plea pleaded."

The presentment therefore, as a basis for the indictment, was wholly insufficient, for the reason, that it was not found by the grand jury, upon their own knowledge and observation.

It has been suggested however, that if the presentment of the grand jury was not authorized by law, it may be treated as a mere suggestion, by which the attention of the court was called to the commission of the crime, and that the district attorney having, with leave of the court, sent up an indictment, the proceeding may be sustained under the other exceptions to the usual mode of criminal procedure, already specified. As we understand the practice, the presentment of a grand jury is ex mero motu, and is rarely, if ever, presented in technical form. "Upon such presentment, when proper, the officer employed to prosecute afterwards frames a bill of indictment, which is then sent to the grand jury, and they find it to be a true bill:" 2 Hawk. Pl. C., c. 25, § 1; Bouvier, 452. Upon a presentment, the proper officer of the court must frame an indictment, before the party accused can be put to answer it: Story on Constitution, 657; Wh. Cr. Law, 212.

What was done in this case is just what is done in all cases of a presentment by the grand jury : the presentment was placed in the hands of the district attorney, by the court, with instructions to put it in the technical form of an indictment, signed by the commonwealth's officer, for the formal action of the grand jury, and upon return thereof, the defendant was liable to process, and was required to plead.

It is certainly true, however, as we have said, that the district attorney in an exigency, or when the occasion seems to require, may prefer an indictment before a grand jury without a previous binding over or commitment, but this power is only to be exercised under the circumstances stated for the public good, and then the proceeding is always under the supervision and control of the court. "In practice," says Judge King, "however, the law officer of the commonwealth always exercises this power cautiously—generally under the direction of the court, and never unless convinced that the general public good demands it." "It is to be exercised in the ordinary case," says Mr. Justice WOODWARD in Rowand v. Commonwealth,

82 Pa. 405, "under the supervision of the proper court of criminal jurisdiction, and in all cases its exercise is subject to their revision and approval. The action of the officer and the court could be brought here for purposes of review, only when the abuse of their discretion should be found to have been both manifest and flagrant. Cases can be conceived where the ends of justice would be defeated by the delay and publicity of a motion in open court for leave to send up an indictment, and in such cases it would be the duty of the prosecuting officer to act promptly, and upon his own responsibility. While, however, the possession of this exceptional power by prosecuting officers cannot be denied, its employment can only be justified by some pressing and adequate necessity. When exercised without such necessity it is the duty of the Quarter Sessions to set the officer's act aside."

It is plain that the exigency of this case did not require, or even appear to require this extraordinary exercise of power, on the part of the district attorney. There was no emergency, no demand of haste, no effort to escape, not even any appearance of an escape; there was no public good to be subserved, indeed there was absolutely nothing to call for this unusual method of procedure, and it is not pretended there was. It is true that in this case the indictment was prepared and sent to the grand jury "with leave of the court," but the court upon being informed that the presentment was not made upon the knowledge and observation of the grand jury, and was therefore no presentment at all, had a right to revoke that leave, and to quash the bill, which was done.

It was stated at the argument, that the indictment was sent to the grand jury with leave of one judge, whilst the order to quash was made by another judge of the same court; and the suggestion carries with it the intimation that the discretion of the court having been exercised by one judge, it was not an appropriate act of discretion for the other to set the previous action aside. It is sufficient to state in reply to this, that the record does not disclose the fact, that the orders were by different judges of the same court; and it would avail nothing, if it did, for this court takes cognizance of the orders, decrees, and judgments of a court of record as such, no matter how for the time being it may be constituted. Although the judges

holding it may from time to time differ, it is at all times the same court here. With the amenities and courtesies which may be supposed to be due between judges of the same court we have nothing to do. But there is not necessarily any conflict of opinion shown upon this record. The sending of the bill to the grand jury was undoubtedly right as the matter then stood, and the order quashing the bill was certainly right when the facts appeared. If the court in the exercise of its discretion had sustained this indictment, and brought the defendant to trial and conviction upon it, it is quite improbable that this court on a writ of error would have disturbed the judgment; it is only for a flagrant abuse of this discretion, as we have said, this court would interfere. But the same court which in the exercise of its discretion directed the indictment to be sent to the grand jury, upon being informed as to the illegality of the presentment, in the exercise of the same discretion, afterwards quashed the bill. We think that discretion was properly exercised, and

The proceedings of the Quarter Sessions are affirmed.

Mr. Justice STERRETT dissents.