## Petition to Reconvene Grand Jury

*Frank Lawley,* for Commonwealth.

LAUB, J., Specially Presiding, October 10, 1957.—On September 11, 1957, the regular indicting grand jury for the September 1957 sessions of Quarter Sessions Court of Lawrence County made a return in the nature of a presentment against Perry L. Reeher, district attorney of said county. When the return was handed up, the presiding judge made inquiry to determine the basis upon which said presentment was founded. The responses of the foreman and the body of the grand jury revealed that the presentment was based upon information derived while hearing witnesses examined upon charges against other persons than the said Perry L. Reeher, and not from the personal knowledge or

observation of the grand jury or any member thereof. Upon receiving assurance from the grand jury that the presentment was so founded, and upon application by the Attorney General to draw and present to the same grand jury a bill of indictment against Reeher in consonance with the presentment, the presiding judge ruled that the presentment was improper and denied the Attorney General's request, said ruling being without prejudice to the right of the Commonwealth's officers to proceed in due course by complaint before a committing magistrate.

On October 7, 1957, the Attorney General presented a petition alleging, among other things, that two complaints were filed against Reeher on September 27, 1957, before a justice of the peace, charging the said Reeher with conspiracy, and that, on October 1, 1957, Reeher had waived preliminary hearing and had been bound over to the December term of court. The matter being ripe for action by a grand jury, the Attorney General, in his petition, requests that we reconvene the September grand jury for the purpose of taking such action on the Reeher bills. It is this petition which we are presently considering.

While it was held in Petition of Blakeley, 61 Pitts. L. J. 206, 209, that a court has inherent power to revoke an order dismissing a grand jury and to reassemble it at the same term of court, it was there decided that such action could be taken only in an emergency. Whether, as is the case here, the court has similar power when the term of court has expired has not yet been decided to our knowledge. It may be that authority for such action could be read into the Act of March 18, 1875, P. L. 28, sec. 2, as amended, 17 PS §1351, allowing the court to hold grand juries over until the assembly of the next grand jury, but the reasonableness of such interpretation would be, at least, open to

question. However, in view of what we are about to conclude in the present situation there is no necessity to pursue the matter further, for we are firmly of opinion that the prayer of the petition must be denied in any event.

If we correctly apprehend the contentions of the Attorney General, the sole reason for our being importuned to reassemble the grand jury is to satisfy the desire of Reeher for a speedier trial than would ordinarily obtain. It is alleged in the petition that Reeher is a candidate for reëlection as district attorney and that he desires an opportunity to vindicate himself in the eyes of the electorate prior to election day, November 5, 1957. The Attorney General, on the other hand, is apparently willing to accede to the demand made by Reeher in order to counteract any thought that the prosecution has been politically inspired and not to further the ends of justice. With such aims, no matter how vital or important they may appear to the parties involved, the court cannot be concerned. Our sole duty is to act upon the present petition and to dispose of it according to law.

While it is not unusual for courts to accelerate the processes of criminal justice and to allow defendants to be tried by an earlier jury than the one normally summoned for such purpose, such action is always taken in the interests of speedy justice, to clear the dockets and to promptly dispose of matters in litigation. In fact, the provisions of the Act of April 15, 1907, P. L. 62, sec. 1, as amended, 19 PS §241, allowing a defendant to waive indictment by a grand jury, are specifically designed to enable courts to follow such practice. It is true that in many such instances the private interests of the parties are better served by the action taken, but this is only a fortuitous circum-

stance and not a compelling or even persuasive one. However, we know of no instance in which a dismissed grand jury has been recalled merely for the purpose of enabling a defendant or prosecutor to achieve some personal aim. We would regard such procedure to be an unwarranted and unjustifiable expense to the county, not sanctioned either by law or common regard for the rights of the people.

But there are other equally persuasive reasons in law why the prayer of the petition cannot be granted. When the grand jury returned the presentment mentioned above, the presiding judge refused to accredit it upon the firm premise that the extraordinary powers of the grand jury may be exercised only in strictest accord with established principles. A presentment based upon knowledge derived from the examination of witnesses in the process of determining bills brought up in the normal fashion is not sanctioned by our law: Commonwealth v. Lizzie Green, 126 Pa. 531.

It is only under pressing and compelling circumstances that the rights of an accused to a preliminary hearing, where he may meet his accusers face to face, may be by-passed. No such compelling reasons appeared in this case and to now permit the same grand jury to hear and determine a matter which it has sought improperly to arrogate to itself, would be to evade the very intendment of the law just discussed. If the present petition were granted, who could say whether the reassembled grand jury would be motivated by the evidence to be subsequently presented to it, or whether it would either seek to vindicate its prior action by returning a true bill, or would consider the evidence previously heard during its regular attendance upon the court? If either course were adopted, the return upon the indictment would be made upon improper considerations, particularly if the return was

based, even in part, upon the evidence previously heard, for in such case there would be an indictment based upon evidence heard from a witness whose name might not be endorsed upon the bill returned. It is well established that a grand jury may not consider the testimony of witnesses whose names do not appear upon the bill: Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 10, 19 PS §731; Commonwealth v. Hubbs (No. 1), 137 Pa. Superior Ct. 229.

When the September grand jury was convened Reeher was not a defendant. He had not yet been arrested or legally charged with crime. He was therefore under no duty at that time to scrutinize the jury, with the aim of determining its qualifications, or the propriety of the venire which summoned it. To reassemble the jury now for the purpose of acting upon a bill which normally would be presented to the December grand jury, would be to deprive Reeher of the opportunity to challenge the array, a right which is sometimes regarded as illusory but which remains as part of our law. Its existence as a distinct right precludes this court from taking steps which might deprive him of it, and the fact, if true, that he wishes to secure quick action on his bills would not change or alter the legal position in which the case now stands.

In accordance with the views just expressed, we are of opinion that the petition does not establish the existence of any compelling emergency or reason why we should take the extraordinary step requested. For this reason we shall dismiss the petition without issuing the usual rule to show cause.

And now, to wit, October 10, 1957, the petition of the Attorney General requesting the reassembling of the September grand jury for the purpose of passing upon bills of indictment to be drawn and submitted against Perry L. Reeher, is refused.