Commonwealth *v.* Hoffman.

492

Argued May 28, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

*Leon H. Kline,* with him *Joseph H. Foster,* for petitioners.

*Thomas C. Caldwell,* with him *Caldwell, Fox and Stoner,* for respondent.

OPINION BY MR. CHIEF JUSTICE JONES, July 2, 1959:

This matter is here on special *certiorari.* We issued the writ on petition of Maurice Hoffman and Martin H. Philip, Esquire. The petition sets forth that President Judge McCREADY of the Court of Common Pleas of Carbon County, sitting as a committing magistrate, had issued warrants for the arrest of the petitioners for an alleged indirect contempt, had required bail of each of them in the sum of $500 to be posted forthwith on pain of immediate incarceration and had ordered the District Attorney to submit to the convening grand jury bills of indictment for the offense charged—all without a preliminary hearing which the accused demanded and were denied.

The background of the above related circumstances lay in prior court proceedings taken in connection with the Commonwealth's condemnation of a portion of a tract of land in Carbon County owned by Maurice

Hoffman and his wife for the improvement of Highway Route No. 29. To obtain possession of the condemned property the Commonwealth filed a petition in the court below for a writ of possession. At a hearing before Judge McCready, on the Commonwealth's petition, the Hoffmans were represented by Martin H. Philip, Esquire. After argument, Judge McCready issued a writ of *habere facias possessionem* on *December 30, 1958,* ordering the Sheriff of Carbon County to deliver to the Commonwealth possession of the condemned property of the Hoffmans. On the following day (December 31st), Mr. Philip, as attorney for the Hoffmans, took an appeal to this court from the order of the court below awarding the writ of possession.

On Friday, *January 2, 1959,* the Commonwealth attempted to remove from the condemned right of way the junk automobiles and other scrap which were the property of the Hoffmans. The words and actions of Maurice Hoffman and his attorney, Martin Philip, on that occasion, constitute the basis of the alleged contempt. In an affidavit taken and filed three months later (April 3, 1959), when the contempt proceeding was instituted on the petition of the Commonwealth, Fred J. Gossler, a right of way agent of the Department of Highways, deposed that he had asked Maurice Hoffman where he wanted the cars placed; that Hoffman, after displaying some legal papers, produced a rifle which he proceeded to load and then shouted to Gossler, "that he was in the service and had been taught how to use a rifle and if [Gossler] removed his cars he [Hoffman] would be arrested for murder before night time" adding that "whichever one of you men who gives the order to move the cars, I will shoot on the spot"; that the sheriff subsequently came to the premises and told Gossler to continue with the moving; that Philip, Hoffman's attorney, then appeared and said that he had

a two o'clock p.m. appointment with Judge McCready; that he would institute proceedings for the arrest of Gossler if he moved any cars during his absence; that he "was having a warrant served for the sheriff's arrest and anyone else who interfered would get the same treatment"; and that Gossler was then ordered by his superiors to leave the property and not attempt to clear the premises that day.

At two o'clock p.m. on the same day, Friday, January 2nd, Judge McCready denied Hoffman's application for a supersedeas sur his appeal to this court from the order of possession. At approximately ten o'clock p.m. that evening Mr. Justice B. R. Jones, at Wilkes-Barre, granted a temporary stay of the possession order pending further order of this court after convening in regular session on the following Monday, January 5, 1959, when Hoffman's petition for a supersedeas could be considered. On January 7, 1959, we entered an order denying Hoffman's application for a supersedeas. Thereafter, the condemned right of way was promptly cleared with the assistance of Hoffman, who also discontinued his appeal to this court.

Three months later, viz., on *April 3, 1959,* the Commonwealth filed a petition in the court below praying that Hoffman and Philip be adjudged in contempt of court for what had occurred on January 2nd, as outlined in Gossler's affidavit, which was attached to the Commonwealth's petition as an exhibit. The court granted a rule on the petition, returnable April 15, 1959, which called upon the respondents, Hoffman and Philip, to show cause why they should not be adjudged in contempt in accordance with the prayer of the Commonwealth's petition. Philip and Hoffman, represented by separate counsel, filed preliminary objections to the petition questioning the jurisdiction of the court of common pleas on the ground that the contempt, as

alleged in the petition, was indirect and criminal and that the respondents were accordingly entitled to a trial by jury on the charge. Counsel for Philip and Hoffman were informed by Judge McCready that, if they desired to file an answer, they would have to do so before oral argument on the preliminary objections, which was scheduled for April 22, 1959. Counsel complied by filing an answer to the merits on April 21, 1959, and were informed by Judge McCready that he would hear argument on the preliminary objections to the jurisdiction and, without first disposing of them, would immediately enter upon a hearing on the merits. It was then that counsel for Philip and Hoffman first petitioned this court for a writ of certiorari. On the same day (April 21st), on our order, all proceedings in the case were stayed pending our consideration of the petition for certiorari. We denied the writ on April 25, 1959, in the belief and with the understanding that Judge McCready would first hear argument on the preliminary objections to the jurisdiction and, if they were overruled, would then set a day for a hearing on the merits at some reasonable period in the future to give counsel for the respondents opportunity to appeal to this court from an order sustaining the court's jurisdiction.

When argument on the preliminary objections was ultimately had on May 15, 1959, the Commonwealth informed the court that it desired to have the contempt proceeding terminated, which the court refused to allow. But, following argument on the preliminary objections by separate counsel for Philip and Hoffman and by counsel for the Commonwealth, Judge McCready, of his own motion and without having passed upon the preliminary objections, issued warrants for the arrest of Philip and Hoffman for the alleged contempt. The warrants, signed by Judge McCready as President

Judge of the Court of Quarter Sessions, were immediately served. At the same time, Judge McCready, sitting as a committing magistrate, issued an order to the District Attorney directing him to submit to the grand jury indictments charging criminal contempt against Hoffman and Philip for the same cause alleged in the Commonwealth's petition and fixed bail for the defendants at $500 each. The commitment was made without a preliminary hearing notwithstanding that the defendants had requested a hearing. No testimony whatever was heard by the court except for Gossler's affidavit appended to the Commonwealth's petition as an exhibit.

After Philip and Hoffman had been taken into custody by the sheriff, their counsel attempted to present a petition for a writ of habeas corpus and moved to quash the warrants and strike the court's orders in the premises. Judge McCready refused to hear the petitions or motions. He also refused to provide the petitioners with a transcript of the proceedings. Later Philip and Hoffman were released after they had entered the specified bail. Following oral argument before this court on May 28, 1959, by counsel for Judge McCready and for Philip and Hoffman, we issued the writ of certiorari which brought to this court so much of the record below as pertains to the contempt orders and we also stayed all proceedings meanwhile.

The petitioners were entitled to a preliminary hearing to which they had a positive legal right. The Act of May 14, 1915, P.L. 499, 42 PS §1080, provides that "hereafter, upon a preliminary hearing before a magistrate for the purpose of determining whether a person charged with any crime or misdemeanor against the laws, except murder, manslaughter, arson, rape, mayhem, sodomy, buggery, robbery, or burglary, ought to be committed for trial, the person accused, and all per-

sons on behalf of the person accused, shall be heard if the person accused shall so demand." In a case where the defendants are arrested for an indirect criminal contempt, it is clear that the Act of 1915, supra, requires a preliminary hearing, if the defendants so demand, at which they are entitled to testify if they choose so to do. In the instant case, no such hearing was accorded the petitioners. Their commitment rested entirely on the ex parte affidavit of Gossler, who did not testify in person and was not subjected to cross-examination.

Even before the Act of 1915, supra, it was recognized in *Commonwealth v. Green,* 126 Pa. 531, 537, 17 A. 878, that "Criminal actions are usually instituted upon complaint, under oath, before a magistrate or other proper officer, upon which, if it appear that a criminal offence has been committed within the jurisdiction, a warrant is issued and the defendant arrested and brought before the magistrate for a hearing. If, upon the hearing, there be a probable case of guilt, the prisoner is held for trial in the court having jurisdiction of the offence." See also *Rowand v. Commonwealth,* 82 Pa. 405, 407; *Commonwealth v. Sharpless and West,* 31 Pa. Superior Ct. 96, 98; *Commonwealth v. Ramsey,* 42 Pa. Superior Ct. 25, 31; Sadler 2d Ed., Vol. 1, Criminal Procedure in Pennsylvania, §§118, 202, and cases there cited. While there may be certain limited exceptions to this generally recognized procedure in criminal cases, it cannot reasonably be contended that any such exemption is applicable here.

Since a preliminary hearing was denied Philip and Hoffman by the committing magistrate on the charge of criminal contempt, their commitment was void and of no legal effect. Consequently, the orders of the court below in connection therewith must be deemed vacated, the warrants quashed and the separate crimi-

nal proceedings in the Court of Quarter Sessions of Carbon County *sub nom. Commonwealth v. Maurice Hoffman* and *Commonwealth v. Martin H. Philip,* at numbers 11 and 12 June Session 1959, respectively, voided. It is herewith so ordered.

That leaves for disposition the preliminary objections filed by Hoffman and Philip to the Commonwealth's petition to the Court of Common Pleas of Carbon County for a writ of attachment against them for the alleged contempt.

There can be no doubt that the contempt, as averred in the Commonwealth's petition on the basis of Gossler's affidavit attached thereto, was indirect and criminal. Consequently, the court of common pleas was without jurisdiction to entertain the petition or to adjudge the respondents' guilt or innocence. The preliminary objections should therefore be promptly sustained and the Commonwealth's petition dismissed. This matter has already taken far too much of counsels' and this court's time. Indeed it is difficult to understand why the proceeding was ever instituted three full months after the Commonwealth had been given quiet and peaceable possession of the condemned property. The court's processes had not been flouted. Maurice Hoffman, as joint owner with his wife of the property condemned, whereon his business was located, was evidently hostile to the taking of his property. But, in his asserted resistance, he neither hurt nor even touched anyone. Despite the fact that an appeal from the order of possession had been promptly taken by Hoffman, the Commonwealth was attempting to move in on his property which he was left to protect while his attorney sought, in an orderly and proper manner, first from Judge McCready and then from this court, a supersedeas to preserve the status quo until the appeal had been disposed of. All that Attorney Philip did was

done within his rights as legal counsel for the Hoffmans. His answer and amended answer to the Commonwealth's petition for a writ of possession were respectful and properly done, as the record shows. When the court decided against him, he took an appeal to this court as he had a right to do; and when we, on January 7, 1959, refused his application for a supersedeas on the appeal, the Commonwealth was immediately given possession of the land with the assistance of Hoffman and the appeal withdrawn. All of this happened within a week of the court's order awarding the Commonwealth a writ of possession. Why, three months after everything had been settled, an affidavit was taken from Gossler in order to file a petition for contempt against Philip and Hoffman, is yet inexplicable.

Record remanded for such further proceedings as may be necessary not inconsistent with this opinion.