Commonwealth *v.* Brabham, Appellant.

Argued March 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

332

*William H. Saye*, Assistant Public Defender, for appellant.

*Marion E. MacIntyre*, Deputy District Attorney, with her *LeRoy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

Appellant contends that his indictment by a grand jury should have been quashed, as he was denied his right to a preliminary hearing.

On November 23, 1970, a robbery took place at the Penbrook Manor Cleaners in Harrisburg. A clerk employed by Penbrook identified the robber as the appellant. Appellant was subsequently located at the Lancaster County Prison where he was an inmate on an unrelated offense; a detainer was lodged against him. On February 26, 1971, the Grand Jury returned an indictment charging appellant with aggravated robbery. A Motion To Quash the bill of indictment, asserting lack of a preliminary hearing, was dismissed. Appellant was tried by a judge and jury on April 21, 1971, and found guilty as charged. Post-trial motions were denied, and appellant was sentenced to pay a fine of $50.00 and undergo imprisonment for a period of not less than seven and one-half years nor more than fifteen years. This appeal followed.

Preliminary hearings were unknown to the early common law. This mode of instituting a criminal pro-

ceeding is a creature of statute. Curiously, a preliminary hearing was originally used not as a means of protecting individuals arrested for a crime, but rather as an instrument to restrict the indiscriminate release of such persons. 3 Henry VII, Ch. III; 1 and 2 Philip and Mary, Ch. III; 2 and 3 Philip and Mary, Ch. X. See generally, *Commonwealth v. O'Brien*, 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956). These statutes were incorporated into the common law of this Commonwealth. See 3 Binney's Report 616, 620 (1807).

Until 1915, the Pennsylvania Legislature passed no act dealing with preliminary hearings, though the case law reflected a judicial recognition of preliminary hearings as a "right" of every individual, save three exceptions.[1] By the Act of May 14, 1915, P. L. 499, 42 P.S. §1080, the Legislature provided that "upon a preliminary hearing before a magistrate for the purpose of determining whether a person charged with any crime or misdemeanor against the laws, except murder, manslaughter, arson, rape, mayhem, sodomy, buggery, robbery, or burglary, ought to be committed for trial, the person accused, and all persons on behalf of the person accused, shall be heard if the person accused shall so demand."[2]

---

[1] First, a district attorney or attorney general could submit a bill to a grand jury without previous binding over or commitment of the accused. Such an exercise of official authority is only justified when the accused has fled or is about to flee the jurisdiction, and great haste is necessary. The second exception is when an indicting grand jury makes a presentment based on personal knowledge of the jurors without any bill of indictment having been laid before them. The third exception is a prosecutor's submission of an investigating grand jury presentment to an indicting grand jury with leave of court. *Commonwealth v. Green*, 126 Pa. 531, 17 A. 878 (1889); *Case of Lloyd and Carpenter*, 5 Pa. L.J. 55, 3 Clark 188 (1845).

[2] Rule 119 of the Rules of Criminal Procedure suspends 42 P.S. §1080.

Our Supreme Court construed 42 P.S. §1080, supra, in *Commonwealth v. Hoffman,* 396 Pa. 491, 152 A. 2d 726 (1959), holding that a defendant charged with indirect criminal contempt was entitled to a preliminary hearing. Chief Justice JONES delivered the majority opinion stating pp. 497-498: "The petitioners were entitled to a preliminary hearing to which they had a positive legal right. . . . In a case where the defendants are arrested for an indirect criminal contempt, it is clear that the Act of 1915, supra, requires a preliminary hearing, if the defendants so demand, at which they are entitled to testify if they choose so to do. . . . While there may be certain limited exceptions to this generally recognized procedure in criminal cases, it cannot reasonably be contended that any such exemption is applicable here.

"Since a preliminary hearing was denied Philip and Hoffman by the committing magistrate on the charge of criminal contempt, their commitment was void and of no legal effect. Consequently, the orders of the court below in connection therewith must be deemed vacated, the warrants quashed. . . ."

In order to remove any doubt as to the mandatory position of the preliminary hearing in our criminal process, our Supreme Court promulgated comprehensive rules of criminal procedure stating a firm and unequivocal judicial policy on the subject.

Rule 102 of the Rules of Criminal Procedure sets forth the methods by which a criminal proceeding may be instituted. Rules 116 and 118 require that after arrest the defendant be preliminarily arraigned without unnecessary delay. At this preliminary arraignment, the issuing authority, according to Rule 119, shall inform the defendant:

"(1) Of his right to secure counsel of his choice and his right to assigned counsel in accordance with Rule 318;

"(2) *Of his right to have a preliminary hearing* or, except as provided in these rules, to waive it; . . . (f) When a preliminary hearing is not waived, the issuing authority shall:

"*(1) Fix a day and hour for a preliminary hearing.* . . ." (Emphasis added).

Rule 119, which was effective at the time of the alleged robbery, makes it mandatory upon the issuing authority to provide defendant with a preliminary hearing, unless he has waived that right. Rule 224 establishes the procedure to follow in those limited situations where a preliminary hearing is not required: "When the attorney for the Commonwealth certifies to the Court of Common Pleas that a preliminary hearing cannot be held for a defendant because the defendant cannot be found in the Commonwealth or that the statute of limitations will run prior to the time when a preliminary hearing can be held or that a preliminary hearing cannot be held for other good cause, the court may grant leave to the Attorney for the Commonwealth to present a bill of indictment to the grand jury without a preliminary hearing." The editorial comment to the Rule provides: "An accused in Pennsylvania usually has the right to a preliminary hearing before he may be indicted by the grand jury. See, Commonwealth v. Hoffman, 396 Pa. 491, 152 A. 2d 726 (1959). There are situations in which preliminary hearing is not required. . . ."

An examination of the case law reveals that in the instant case none of the recognized exceptions to a requirement for a preliminary hearing exist. Furthermore, the record does not disclose any purported waiver of that right. Appellant was, at the time of the indictment before the grand jury, in jail in another county. There was no opportunity of escape nor is there any other indication of "exigent circumstances" to justify that extraordinary departure from what is gener-

ally viewed "as the norm". *Commonwealth v. McClos-key*, 443 Pa. 117, 227 A. 2d 764 (1971). As our Supreme Court stated in *Commonwealth v. Green*, supra at 540: "It is plain that the exigency of this case did not require, or even appear to require this extraordinary exercise of power, on the part of the district attorney. There was no emergency, no demand of haste, no effort to escape, not even any appearance of an escape; there was no public good to be subserved, indeed there was absolutely nothing to call for this unusual method of procedure, and it is not pretended there was." In the instant case, the district attorney had placed a detainer on the appellant, preventing the appellant from fleeing after his release in avoidance of criminal prosecution for the alleged robbery. Furthermore, the district attorney had it in his power to remove appellant from the Lancaster Prison to Harrisburg by virtue of 12 P.S. §1887, where a preliminary hearing could have been held without undue delay.

Commonwealth relies on two opinions from this Court which held that a prisoner incarcerated in another county could be considered a "fugitive" so as to permit the district attorney to indict by way of grand jury and thereby obviate the need for a preliminary hearing. *Commonwealth v. Czarnecki*, 221 Pa. Superior Ct. 303, 304, 292 A. 2d 422 (1972); *Commonwealth v. O'Brien*, supra.

Commonwealth argues that *O'Brien* held that the prisoner is not denied any substantive rights by denial of a preliminary hearing as the primary purpose of such a hearing is "to prevent the detention of a person for a crime which was never committed or of a crime with which there is no evidence of his connection." 181 Pa. Superior Ct. at 396. As appellant was already incarcerated for another offense, Commonwealth argues, he has not been denied his liberty as a result of the

charges brought against him by way of an indicting grand jury.

The argument advanced by the Commonwealth ignores other basic purposes of such a hearing. In *Coleman v. Alabama,* 399 U.S. 1, 9 (1970), the United States Supreme Court, in holding that a defendant had a right to counsel at a preliminary hearing as it was a "critical stage" in the criminal process, declared most emphatically: "Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail."

Commonwealth argues that *Coleman* is not controlling on the instant matter as our Supreme Court stated that "Coleman did not decide that a preliminary hearing was constitutionally required." *Commonwealth v. McCloskey,* supra at 139-140. This may be true. The fact that *Coleman* did not decide the constitutional imperative of a preliminary hearing does not mean that this Commonwealth does not require such a proceeding. In *Commonwealth v. O'Brien,* supra, while holding that a prisoner incarcerated in another county need not be afforded a preliminary hearing, this Court recognized at p. 387: "Not all rights, however, are constitutional

rights and the question remains whether defendant has a statutory or common law right to be present at such a hearing."

It is our belief that *O'Brien* erroneously stated the purposes behind the existence of preliminary hearings in our process. The purposes enunciated in *Coleman v. Alabama,* supra, requiring counsel at a preliminary hearing, far exceed the limited purpose stated in *O'Brien.* We recognize that a defendant who absents himself from the jurisdiction of our courts as a "fugitive from justice" should not and is not to be afforded the "right" of a preliminary hearing, as his actions should be viewed as a waiver. See, *Commonwealth v. Bunter,* 445 Pa. 413, 282 A. 2d 705 (1971). The mere fact that appellant was an inmate in a prison in another county does not, however, make him a "fugitive" from the offense being prosecuted in Harrisburg. The policy considerations which go into denying a "fugitive" the "right" of a preliminary hearing should not be extended to deny appellant. The clear meaning of our Rules of Criminal Procedure mandates that a person in appellant's position is entitled to a preliminary hearing as a matter or right.

By our decision, we recognize that *Commonwealth v. O'Brien* and *Commonwealth v. Czarnecki,* supra, must be overruled.

The judgment of sentence is reversed, appellant's conviction vacated, his indictment quashed, and appellant discharged.

---

DISSENTING OPINION BY WATKINS, J.:

I respectfully dissent.

The chronology of this case is as follows: the date of the robbery was December 17, 1970; the warrant for arrest was issued on December 19, 1970, it was returned unexecuted because the defendant was found to be a "fugitive" by the District Magistrate since he was in

the Lancaster County prison serving a sentence for an unrelated crime; and a detainer was lodged in Lancaster County on December 24, 1970.

A bill of indictment was returned on February 26, 1971, and he was arraigned on March 12, 1971, when he plead not guilty. A motion to quash the indictment because he was not afforded a preliminary hearing was filed on April 15, 1971. It was denied by the court below. The defendant was tried on June 22 and 23, 1971, and the jury returned a guilty verdict. He was sentenced to a term of seven and one-half to fifteen years.

The Penbrook Manor Cleaners in Harrisburg was robbed during the noon hour on December 17, 1970. The clerk, who stood face to face with the robber discussing the cleaning of shirts for five to ten minutes before he drew his revolver and took the money, positively identified the defendant at the trial. Warrant for appellant's arrest had been issued after the clerk had picked out his picture from a number shown her at the police station.

Appellant contends that the trial court was required to quash the indictment because he was not given a preliminary hearing and the failure to do so requires the discharge of the defendant. The Majority agrees.

This was dealt with by us in the case of *Commonwealth v. O'Brien*, 181 Pa. Superior Ct. 382, 124 A. 2d 666 (1956) where the history, purpose and rules relating to preliminary hearings were exhaustively examined and considered. The case has been extensively quoted and followed. I cite a few recent cases: *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565 (1964); *Commonwealth ex rel. Walls v. Maroney*, 416 Pa. 290, 294, 205 A. 2d 862 (1965); *Commonwealth v. Bunter*, 445 Pa. 413, 420, 421, 282 A. 2d 705 (1971).[1]

---

[1] Mr. Justice EAGEN speaking for the Supreme Court said: "As recently as last term in Commonwealth v. McCloskey, 443 Pa.

The holding was that where a defendant is in prison in another county and is indicted without first having been brought to the county of his alleged crime for a preliminary hearing, it is for the trial court to determine either before presentment to the grand jury or upon motion to quash the indictment whether the procedure was prejudicial to the defendant under the circumstances of the particular case. We reaffirmed this rule as recently as last year in *Commonwealth v. Czarnecki*, 221 Pa. Superior Ct. 303, 292 A. 2d 422 (1972).

We are asked to overule these cases primarily because in *Coleman v. Alabama*, 399 U.S. 1, the Supreme Court suggested possible service which counsel for defendant could render at a preliminary hearing. Before examing that case, it may be helpful to refer to a few general rules concerning preliminary hearings.

First, it has long been firmly established that a defendant has no *constitutional* right to have a preliminary hearing. *Goldsby v. United States*, 160 U.S. 70, 73, 16 S. Ct. 216, 40 L. Ed. 343 (1895); *Lem Woon v. Oregon*, 229 U.S. 586, 33 S. Ct. 783, 57 L. Ed. 340 (1913); *Commonwealth ex rel. Bandi v. Ashe*, 367 Pa. 234, 80 A. 2d 62 (1951); *Commonwealth v. O'Brien,* supra. Furthermore, the United States Supreme Court, the Supreme Court of Pennsylvania, and this Court have all recognized and applied this principle within the last three years. See *Coleman v. Alabama*, supra; *Commonwealth v. McCloskey*, 443 Pa. 117, 277 A. 2d 764 (1971) and *Commonwealth v. Czarnecki*, supra.

Second, in the cases where the statutory right to be heard at a preliminary hearing exists, the statute is not self-executing but the right must be demanded.

___

117, 277 A. 2d 764 (1971), we categorically rejected the absolutist position that our decision in Commonwealth v. Rose and Commonwealth ex rel. Magaziner v. Sheriff of Philadelphia County, 437 Pa. 30, 261 A. 2d 586 (1970), should be interpreted as requiring a preliminary hearing in *all* cases."

*Commonwealth ex rel. McKenna v. Cavell,* 423 Pa. 387, 395, 224 A. 2d 616 (1966).

Third, the refusal of the courts below to quash an indictment should be reversed by the appellate courts only for "abuse of discretion both manifest and flagrant." *Commonwealth v. O'Brien,* supra, and numerous cases there cited.

The question before the Supreme Court in *Coleman v. Alabama,* supra, was whether the accused was entitled to counsel at a preliminary hearing. The Court noted that a preliminary hearing is not a required step in Alabama, where the prosecutor may seek indictment directly from the grand jury without such hearing, and that "this Court is of course bound by the construction of the governing Alabama law."

Mr. Justice BRENNAN speaking for the Court thus made it clear that the defendant had no *constitutional* right to a preliminary hearing. He did suggest several ways a counsel might be helpful to a defendant if he were present at a preliminary hearing. Examining the Court's order, we find that it neither discharged Coleman nor granted him a new trial, but remanded the case to determine whether denial of counsel at the preliminary hearing was harmless error.

Parenthetically, we suggest that in the case now before us the trial court by refusing the motion to quash the indictment has decided that the appellant was not prejudiced by not having a preliminary hearing. When a bill is presented to the grand jury without a preliminary hearing the Court decides the propriety of such action either before prosecution or on the motion to quash. Indeed, Brabham's interests may have been best served in this case by not being present at a preliminary hearing. Without positive identification at the trial by the clerk there would have been insufficient evidence to convict him. The clerk did not see him between the robbing and the trial. Time dims memories.

Although the clerk was able to make a positive identification at the trial, the chance of her doing so was diminished by the passage of greater time since she last saw him than would have been the case if he were present at a preliminary hearing.

In *Adams v. Illinois,* 405 U.S. 278, 92 S. Ct. 916 31 L. Ed. 2d 202 (1972). Mr. Justice BRENNAN again speaking for the Court seemed to have second thoughts about the value of counsel at a preliminary hearing and to back away from what he said in *Coleman,* even though the Court continued to consider preliminary hearings a "critical stage" in situations where they were required by state law.[2]

---

[2] "But because of limitations upon the use of the preliminary hearing for discovery and impeachment purposes, counsel cannot be as effectual as at trial or on appeal. The authority of the court to terminate the preliminary hearing once probable cause is established, see People v. Bonner, 37 Ill. 2d 553, 560, 229 NE 2d, 527, 531 (1967), means that the degree of discovery obtained will vary depending on how much evidence the presiding judge receives. Too, the preliminary hearing is held at an early stage of the prosecution when the evidence ultimately gathered by the prosecution may not be complete. Cf. S. Rep. No. 371, 90th Cong., 1st Sess., 33, on amending 18 USC §3060. Counsel must also avail himself of alternative procedures, always a significant factor to be weighed in the scales. Johnson v. New Jersey, 384 U.S. at 730, 16 L. Ed. 2d at 890. Illinois provides, for example, bills of particulars and discovery of the names of prosecution witnesses. Ill. Rev. Stat. c. 38, §§114-2, 114-9, 114-10 (1971). Pretrial statements of prosecution witnesses may also be obtained for use for impeachment purposes. See, e.g., People v. Johnson, 31 Ill. 2d 602, 203 NE 2d 399 (1964).

"We accordingly agree with the conclusion of the Illinois Supreme Court, 'On this scale of probabilities, we judge that the lack of counsel at a preliminary hearing involves less danger to "the integrity of the truth-determining process at trial" than the omission of counsel at the trial itself or on appeal. Such danger is not ordinarily greater, we consider, at a preliminary hearing at which the accused is unrepresented than at a pretrial line-up or at an interrogation conducted without presence of an attorney.' 46 Ill. 2d at 207, 263 NE 2d, 494." *Adams v. Illinois,* supra at 282, 283.

*Coleman v. Alabama,* supra, decided prior to our *Czarnecki,* supra, decision was discussed by our Supreme Court in *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A. 2d 764 (1971). There it was argued, as here, that following the reasoning of *Coleman,* Pennsylvania should change its law and require preliminary hearings in cases where they had not been previously required. In rejecting the contention Mr. Justice ROBERTS, speaking for the Court, pointed out that a preliminary hearing offered "only a slight expectation for what at most would be a higher speculative *de minimis* advantage to an accused." The Court pointed out that the advantages of preliminary hearings to defendants are "illusory"; that an accused's opportunity to cross-examine at a preliminary hearing is severely restricted, that only a limited quantum of evidence is necessary to bind the defendant over, and that he has a right to request a bill of particulars. "Finally", the Court said, "we do not view Coleman v. Alabama, supra, as compeling a different result. Coleman did not decide that a preliminary hearing was constitutionally required . . . :"

It is contended by Judge HOFFMAN in his Majority Opinion, although not argued by the appellant, that the Pennsylvania Criminal Procedure Rules relating to the procedures to be followed at preliminary hearings require us to overrule the *O'Brien,* supra, and *Czarnecki,* supra, cases. A similar argument was presented to the Supreme Court and rejected in *Commonwealth v. McCloskey,* supra. Discussing the effect of the Rules of Criminal Procedure on preliminary hearings, the Supreme Court held that the rules did not supersede the historical methods of commencing criminal prosecutions. The Court said, "it would be unreasonable to infer such a drastic alteration, as urged by appellees, from mere silence in rules dealing with more common place criminal proceedings." The Court then concluded,

"the rules of criminal procedure at present simply do not concern themselves with this long established practice, *nor do they foreclose any of the other traditional exceptions to proceedings by a preliminary hearing.*" (Emphasis ours.) One of the "traditional exceptions" is the situation dealt with in *O'Brien,* supra, and *Czarnecki,* supra, and the case now before us.

Although in *McCloskey,* supra, the Court was dealing with a presentment by an investigatory grand jury, the principles are equally applicable to the present situation. As stated in that case, these rules simply do not concern themselves with the long established practices nor the traditional exceptions to proceeding by a preliminary hearing. One of the "exceptions" and "established practices" is set forth in *O'Brien,* supra, which has been recognized, accepted, quoted and followed in a great number of subsequent cases including a number arising since the present rules of procedure were adopted. It has been the practice in many of the counties in the Commonwealth not to give preliminary hearings to persons imprisoned in another county. Since *Commonwealth v. O'Brien,* supra in 1957, it has been settled that this procedure does not violate any constitutional, statutory or common law rights of the defendant.

The legislature has dealt with the question of preliminary hearings (See Act of May 24, 1915, P. L. 499, 42 P.S. §1080) and its right to do so was recognized by both this Court and the Supreme Court. More recently, the power to deal with procedure seems to have been transferred to the Supreme Court first by statute and then by Article V, Section 10(c) of the 1968 Constitution. If that Court deems it advisable, it can promulgate a procedural rule, prospective in nature, which changes the established and accepted law relating to the situations where preliminary hearings are not required. The Supreme Court has said definitely in *Commonwealth v. McCloskey,* supra, that its present

procedural rules have not done this. If it is to be done, the Supreme Court will undoubtedly do it, as indeed it should, in direct and clear language. Presumably, it will weigh the advantages to the defendant referred to in *McCloskey,* supra, as "illusory" and as "a highly speculative *de minimis* advantage", against the dangers, delays, and expense of transporting across the state those who, by the nature of multiple offenses in different counties, are often the most desperate and dangerous prisoners.

Without suggesting whether or not any change in this practice should be made by statute or procedural rules, we firmly believe that it should not be done by judicial fiat. Since no constitutional right to a preliminary hearing exists and the practices here followed have been so generally accepted and approved, the public deserves protection against the discharge of criminals fairly tried and convicted under the law and practice existing when the offense was committed and the defendant tried, especially where the trial court by refusing to quash the indictment indicated no harm was done to the defendant. The courts should not grope for excuses to change established practices so that prisoners convicted of multiple offenses can be discharged.

WRIGHT, P. J. and CERCONE, J., join in this dissenting opinion.