448 A.2d 38

**COMMONWEALTH of Pennsylvania**

v.

**Gerald COSTELLO a/k/a Jerry Costello, Appellant.**

Superior Court of Pennsylvania.

Submitted March 10, 1981.

Filed July 9, 1982.

538

John A. Bednarz, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before HESTER, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge:

On May 1, 1979, a criminal complaint was filed charging appellant, Gerald Costello, with criminal conspiracy, theft and receiving stolen property in connection with the theft of sixty-seven cases of food from a railroad car. An arrest warrant was issued on June 8, 1979 but was not served. On July 12, 1979, an information charging appellant with criminal conspiracy and theft by unlawful taking was filed by the district attorney. The information was filed without a preliminary hearing having been held. No written motion or petition was presented by the district attorney certifying that proper cause existed to file the information without a preliminary hearing. However, on the back of the information there is a stamped order, signed by the court, reciting that appellant was a "fugitive from justice", that he could not be found after a diligent search "within the jurisdiction of [the] court", and granting leave to the district attorney to file the information without a preliminary hearing.

Appellant filed omnibus pre-trial motions, including a motion to quash the information on the ground that amended Pa.R.Cr.P. 231, which became effective July 1, 1979, no longer provides for a procedure to bypass a preliminary hearing on the government's claim that the accused is a fugitive from justice who cannot be found in the Commonwealth. Appellant's motions were denied, and on October 18, 1979, he was found guilty after a jury trial. Appellant's post-trial motions for arrest of judgment or a new trial were denied. Judgment of sentence was entered on July 10, 1980, and appellant appealed to this court.

Pennsylvania Rule of Criminal Procedure 231(a) reads as follows:

"Rule 231. Presentation of Information without Preliminary Hearing.

540

"(a) When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the statute of limitations will otherwise bar prosecution, an information is necessary in order to extradite the defendant, or a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to file an information with the court without a preliminary hearing."

It is clear from the record that there was no statute of limitations problem in this case and that an information was not necessary to extradite appellant. Rather, the use of the bypass procedure was based on the "other good cause" provision of the rule.

Prior to July 1, 1979, Pa.R.Cr.P. 231 read as follows:

"Rule 231. Presentation of Information without Preliminary Hearing.

"When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the defendant cannot be found in the Commonwealth or that the statute of limitations will run prior to the time when a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to file an information with the court without a preliminary hearing."

While the trial court recognized that the amended rule eliminated the specific provision permitting a bypass procedure where the defendant "cannot be found in the Commonwealth", it concluded that it retained the discretion to allow a bypass when the defendant was a "fugitive" under the "other good cause" provision of the amended rule.

■ The comment to Rule 231(a) by the Supreme Court's Criminal Rules Committee states that the amendment was intended to limit the use of the bypass procedure to cases where "exceptional circumstances" existed. Although the committee's comments are not binding on us, they may be considered as effective aids when interpreting the meaning

of the rules and amendments thereto. *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977). Additionally, Pa.R.Cr.P. 2 states that the rules shall be construed "as nearly as may be in consonance with the rules of statutory construction". Those rules authorize us to consult the report[1] of the committee that drafted the amendment. 1 Pa.C.S.A. § 1939.

According to the committee's report, in view of changes in the law since Rule 231 was first adopted, an information is not necessary to obtain custody of a defendant in most cases. The committee believed that authorizing a bypass of the preliminary hearing where "the defendant cannot be found in the Commonwealth" had become overly broad. 9 Pa.B. 237. In proposing the amendment, it was the desire of the committee to "authorize bypass of the preliminary hearing only in those *unusual* situations where there remains, under present law, some *necessity* for permitting the bypass". 9 Pa.B. 237. The propriety of retaining the open-ended provision allowing bypass for "other good cause" was debated at length by the committee. It was ultimately decided to retain the provision, since a bypass might be "necessary" in other circumstances than in the two situations specifically listed in the statute. However, it was intended that the procedure have only limited applicability. 9 Pa.B. 238. It seems clear from the committee report and the comment to Rule 231 that by deliberately deleting the provision permitting bypass when "the defendant cannot be found in the Commonwealth", it was intended that the scope of the rule be narrowed.

Therefore, we must determine whether the trial court erred in concluding that the facts in this case constituted such exceptional circumstances as to justify a bypass procedure under the "other good cause" provision of Rule 231. The record merely shows that the police had been unable to locate appellant during the period of approximately five (5) weeks between the issuance of the arrest warrant on June 8, 1979, and the filing of the information on July 12, 1979. At

1. Vol. 9, *Pennsylvania Bulletin*, pp. 237 et seq.

the pre-trial hearing, Sergeant John Timko of the Plains Township Police and Joseph Bender, special agent for the Delaware and Hudson Railroad, testified to the efforts made to locate appellant. Sergeant Timko spoke with appellant's mother and sister by phone and drove by appellant's house on numerous occasions. However, Sergeant Timko admitted that he never knocked on the door to see if appellant was there, because he felt he "wouldn't get cooperation there." Nor did he speak with any of appellant's friends. Agent Bender drove into appellant's "backyard area" and spoke with appellant's brother Michael and a friend who were on the back porch. Both stated they did not know where appellant was. On several occasions, he spoke with appellant's brothers Michael and Andy about appellant's whereabouts and received the same answer. No other efforts were made to locate appellant and nobody ever actually knocked on the door of appellant's house to see if he was there. These facts do not constitute "good cause" under any standard. It should be noted that the statute of limitations on the offense in question would not have run until February 28, 1981. There was no reason to deprive appellant of a preliminary hearing when the information was filed on July 12, 1979.

Furthermore, it is doubtful whether a bypass procedure would have been proper in this case even under the former rule. The court could grant leave to file an information without a preliminary hearing when a defendant could not be found "in the Commonwealth", rather than "within the jurisdiction" of that particular court, as was stated in the lower court's order. No effort was ever made to locate appellant anywhere but in his own neighborhood. No claim was made that appellant was ever out of the State of Pennsylvania or even out of Luzerne County. Furthermore, the authorities apparently had no trouble locating the appellant after the information was filed. He was arraigned on July 20, 1979, only eight days after the district attorney certified that appellant could not be found after a "diligent search".

We hold, therefore, that the Commonwealth failed to show the existence of "exceptional circumstances" that would constitute "good cause" under Rule 231, as amended. Where no preliminary hearing has been held and there exist none of the recognized exceptions to the holding of a preliminary hearing, the proper remedy is to quash the information. *Commonwealth v. Brabham*, 225 Pa.Super. 331, 309 A.2d 824 (1973).

In view of our disposition of the Rule 231 question, we do not need to reach the other issues raised by appellant in this appeal.

The judgment of sentence is reversed, appellant's conviction is vacated, the information is quashed and appellant is discharged.