508 A.2d 1211

COMMONWEALTH of Pennsylvania

v.

Samuel BENNIE, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 23, 1986.

Filed May 1, 1986.

Mary McNeil Zell, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

KELLY, Judge:

Following a jury trial, defendant was found guilty of robbery [1] and criminal conspiracy.[2] Post-trial motions were denied, and he was sentenced to serve a term of imprisonment of 3 to 10 years for the robbery conviction and 1½ to 10 years on the conspiracy count, to be served concurrently. Defendant now appeals.

The evidence presented by the Commonwealth showed that on January 29, 1984, the victims, Father Logan, an elderly member of the clergy, and his wife, were accosted and robbed as they attempted to enter their South Philadelphia home. While the co-defendant pushed the clergyman to the ground and took his wallet, the defendant engaged in a face-to-face struggle with Mrs. Logan, who was trying to keep the assailants out of her home. The two were apparently discouraged from entering the home by the cries for help of Mrs. Logan. The following evening, on January 30, 1984, two Philadelphia police officers stopped an automobile driven by the defendant, with co-defendant as passenger, when they went through a stop sign. As the officers approached the automobile, one of them observed the co-defendant take something from his pocket and place it under the front seat. After ordering the two suspects out of the car, the officer found a wallet under the seat, opened it, and discovered that it contained credit cards of a Father Logan. The suspects were taken to a police station where the Logans positively identified the co-defendant, but failed to identify appellant. Appellant was released. Two days later, he visited the Logan home, purportedly to inform Mrs.

1. 18 Pa.C.S.A. § 3701.
2. 18 Pa.C.S.A. § 903.

Logan that she was mistaken in her identification of the co-defendant. Before the preliminary hearing for the co-defendant, held a few weeks after the incident, Mrs. Logan identified the defendant from a photographic display of nine black males. Defendant was then arrested, and the case against him was consolidated with the case against the co-defendant.

On appeal, defendant alleges that (1) the trial court erred in denying the motion to suppress the wallet, which was seized in the search of the automobile, and (2) trial counsel was ineffective. We find neither of these two arguments to be persuasive. We, therefore, affirm.

■ Defendant first challenges the validity of the search of the wallet, which was found under the passenger's seat of the car which he was driving at the time of his arrest.[3] Appellant does not allege that the automobile was improperly stopped pursuant to a traffic violation, nor does he challenge the authority of the police officer to search under the seat of the automobile for the unknown object which the officer had seen the co-defendant hurriedly stow under the seat as the car was pulled over. *See Commonwealth v. Baker*, 347 Pa.Super. 213, 500 A.2d 483 (1985). Defendant contends that, once the officer discovered that the hidden object was not a weapon or an illegal substance, he could not make a search of the wallet's contents.

3. The Commonwealth asserts that defendant lacks standing to challenge the search of the wallet. In *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983), our Supreme Court held that an individual charged with a possessory offense has automatic standing to challenge the admissibility of evidence alleged to be the fruit of an illegal search and seizure. Here, appellant is charged with robbery. The definition of the offense, 18 Pa.C.S.A. § 3701 (a)(1) states that "[a] person is guilty of robbery if, in the course of committing a theft, he..." The definition controlling theft in this case is 18 Pa.C.S.A. § 3921, which states that "[a] person is guilty of theft if he unlawfully takes, or exercises control over movable property of another..." Thus, we find that possession is an essential element of robbery as charged in the instant case. This finding is consistent with prior caselaw. *See Commonwealth v. Weeden*, 457 Pa. 436, 322 A.2d 343, 350 (1974) ("An essential element of robbery is the taking of goods from another... In order to have a taking, the robber must have taken *possession* of the goods of another...) (Emphasis in original).

While searches and seizures conducted outside the judicial process, without prior approval by a magistrate, are generally unreasonable under the Fourth Amendment, *Katz v. U.S.,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967), there is an established departure from the warrant requirement for certain automobile searches based on the inherent mobility of vehicles, with the consequent practical problems in obtaining a warrant prior to infringing a legitimate expectation of privacy, and on the "diminished expectation of privacy which is accorded automobiles because of their open construction, their function, and their subjection to a myriad of state regulations." *Commonwealth v. Timko,* 491 Pa. 32, 38, 417 A.2d 620, 623, 417 A.2d 620 (1980) *citing U.S. v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). Thus, under certain circumstances, an immediate search of an automobile is constitutionally permissible.

■ In *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972), *cert. denied,* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972), a police officer stopped the car which appellant was driving and ordered defendant out of the car. As the officer radioed for assistance, he noticed a dark object, later determined to be a sock filled with stolen jewelry, being thrown from the car window. On appeal, the Supreme Court upheld the search of the vehicle. "The attempt to discard valuable jewelry, in itself," the Court stated, "was sufficient to warrant the officers in the belief that other evidence of the crime or crimes might be found in the automobile." 288 A.2d at 735. Similarly, in the instant case, the co-defendant's attempt to hide the wallet, an item of obvious value, justified the officer's seizure and examination of it.

The key to judging the constitutionality of a search is its reasonableness under the totality of the circumstances. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Commonwealth v. Macolino,* 336 Pa.Super. 386, 485 A.2d 1134 (1984). Upon reviewing the totality of the

circumstances in the case at bar, we are persuaded that the search of the wallet was reasonable.

Next, defendant raises numerous allegations of ineffectiveness of counsel. In evaluating the effectiveness of counsel, we must utilize a two-step analysis. First, we must determine whether the issue underlying the charge of ineffectiveness is of arguable merit. If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis designed to effectuate his client's interest. Counsel is presumed to be effective, and the burden of establishing ineffectiveness rests upon the appellant. *Commonwealth v. Floyd*, 506 Pa. 85, 484 A.2d 365 (1984). Even though the issues that could have been raised have some arguable merit, counsel is not *per se* ineffective for failing to raise them, if his conduct could reasonably have furthered his client's interest. *Commonwealth v. Box*, 305 Pa.Super. 81, 451 A.2d 252 (1982). A finding that appellant is entitled to a new trial cannot be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice to the defendant. *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984).

Defendant first asserts that counsel was ineffective for failing to file a motion to suppress the pretrial photograph identification made by Mrs. Logan. Defendant alleges that a motion should have been filed based upon the theories that the identification was (1) the fruit of illegal police conduct in searching the wallet and (2) tainted by two suggestive pre-arrest procedures. As we have already determined that the police properly searched the wallet, defendant's first contention is without merit. Defendant alleges that the trial identification was tainted because the earlier stationhouse lineup and the photographic array were unduly suggestive. We find that these contentions have no arguable merit. We, therefore, will not proceed to the question of whether the course chosen by defense counsel

had some reasonable basis designed to effectuate his client's interest.[4]

■ The stationhouse identification did not result in the identification of the defendant. The issue of Mrs. Logan's credibility, given her inability to identify appellant at the stationhouse, goes to the weight to be accorded her testimony rather than its admissibility. *Commonwealth v. Silver*, 499 Pa. 228, 452 A.2d 1328 (1982). The photographic array, which did result in an identification of defendant, is challenged as being unduly suggestive. Defendant offers no evidence for this speculation. The array, which was made a part of the record, consisted of nine photos of black males, similar in appearance to the defendant. The trial court, therefore, found that the array was proper.

■ Most importantly, the trial court found that Mrs. Logan's trial identification had a basis independent of either the stationhouse lineup or the photographic array. *See Commonwealth v. Silver, supra.* Notwithstanding any prior impermissible suggestive confrontation, a subsequent identification is admissible where there is clear and convincing evidence that it is based upon a source independent of the taint. *Commonwealth v. McIntosh*, 328 Pa.Super. 255, 476 A.2d 1316 (1984). The factors to be considered in determining whether the in-court identification was based on the witness' observations at the time of the robbery and thus had a basis independent of the prior taint include: the witness' "opportunity to observe the criminal act; ... any identification of anyone other than defendant; and the lapse of time between the crime and the identification". *Commonwealth v. McIntosh, supra;* 328 Pa.Superior Ct. at 263, 476 A.2d at 1319. Here, the evidence showed that Mrs. Logan had an excellent opportunity to observe the appellant on the night of the robbery. She saw him on the street just prior to the robbery, when the two exchanged greetings; she faced him, illuminated by the street light, for about two

4. Counsel will not be deemed ineffective for failing to raise baseless or frivolous issues. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985).

minutes during the course of the robbery. The general physical description given to the police fit that of defendant. She identified the defendant from the array within nine days after the robbery. Under these circumstances, the trial identification had a basis independent of the pretrial procedures. Trial counsel correctly chose not to file a motion to suppress the identification.[5]

■ In his second allegation of ineffectiveness, defendant claims that counsel erred in failing to object to the consolidation of appellant's case with that of the co-defendant. In the absence of prejudice, defendants charged with offenses arising from the same incident may be joined together in the interest of judicial economy; a joinder is all the more compelling where a conspiracy is alleged and the evidence against each is virtually identical. *Commonwealth v. Hassine,* 340 Pa.Super. 318, 490 A.2d 438 (1985); *Commonwealth v. Hamm,* 325 Pa.Super. 401, 473 A.2d 128 (1984).

■ At bar, defendant argues that trial counsel erred in failing to object to consolidation for two reasons. First, defendant claims prejudice because both he and the co-defendant were represented by the public defender's office until a few months before trial, when appellant obtained appointed counsel. Defendant claims that the public defender's office gained information while representing appellant which was then used to favor the co-defendant during trial. No evidence of prejudice is offered in support of this bald allegation. Moreover, this argument was specifically rejected by this court in *Commonwealth v. Rodgers,* 335 Pa.Super. 130, 483 A.2d 990 (1984). Secondly, defendant claims he was prejudiced by the consolidation because one of the co-defendant's alibi witnesses implicated the defendant, acting alone, in the robbery. Consolidation is proper unless the defenses are "irreconcilable and exclusive". *U.S. v. Desimone,* 660 F.2d 532 (5th Cir.1981). The defenses must conflict at the core; mere divergence on peripheral

---

5. There is some indication in the notes of testimony that counsel did present argument in support of a motion to suppress the identification. (N.T. 10/15/84, p. 10).

matters or mere hostility between co-defendants does not require severance. *U.S. v. Provenzano*, 688 F.2d 194 (3rd Cir.1982). Here, only one of the co-defendant's witnesses directly implicated the defendant.[6] Neither defendant relied primarily upon establishing the other's guilt in presenting a defense; instead, they focused on challenging the strength of the Commonwealth's case. Moreover, the trial court found as a fact that the witness' adverse testimony was "neither raised nor foreseen at the time of the severance motion." Trial counsel was not ineffective for failing to file a severance motion.

Next, defendant alleges that trial counsel was ineffective because he did not appear on behalf of the appellant for the third day of the suppression hearing. The evidence shows that counsel informed the court he would be unavailable on Friday, October 19, 1984, for religious reasons. The court assured counsel that he would not be required to appear, and that another date would be set for the remainder of the suppression hearing on matters expected to concern only Scott. (N.T. 10/15/84, 172–73). For reasons not revealed by the record, the suppression hearing was resumed on Friday. Defense counsel was not present.

The denial of counsel in pre-trial proceedings will not result in reversal of a subsequent conviction if the error is harmless beyond a reasonable doubt. *Commonwealth v. Fowler*, 275 Pa.Super. 544, 419 A.2d 34 (1980) (citing numerous cases). "If appellant suffers no prejudice, he is entitled to no remedy". *Commonwealth v. Rines*, 247 Pa.Super. 429, 372 A.2d 901 (1977).

In *Commonwealth v. Rines, supra*, counsel was absent at the defendant's preliminary hearing, where the victim positively identified the defendant. The identification was found to have an independent basis. This court concluded that, since the absence of counsel resulted in no harm to the appellant, appellant was not denied his right to effective

6. It is difficult to understand how defendant can claim he was prejudiced by this witness. The jury convicted both appellant and his co-defendant, obviously rejecting the testimony of the witness.

assistance of counsel. Upon the same reasoning, the court in *Commonwealth v. Fowler, supra,* found that the absence of counsel at defendant's *Gagnon I* hearing did not constitute a denial of the constitutional right to representation. *See also Commonwealth v. Jones,* 452 Pa. 569, 308 A.2d 598 (1973) (no prejudice due to absence of counsel at arraignment).

■ At bar, defendant suffered no harm by the absence of counsel. The sole witness on the date in question was Mrs. Logan; her testimony was limited to the circumstances of the stationhouse confrontation, where she failed to identify the defendant. Thus, nothing about Mrs. Logan's testimony that day cast doubt upon the validity of the photo array. The jury was made aware of the stationhouse confrontation and the fact that Mrs. Logan failed to recognize defendant. As appellant was not prejudiced by the alleged shortcomings of counsel, counsel will not be deemed ineffective. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

■ Next, appellant alleges that counsel was ineffective for failing to object to the testimony of a police officer to the effect that he knew the defendant. The officer did not state how he knew the defendant; the testimony was offered only as an explanation as to why he did not request any identification from the appellant at the time of his arrest. We have repeatedly held that such testimony does not raise the implication of prior criminal activity. *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985); *Commonwealth v. Starks,* 484 Pa. 399, 399 A.2d 353 (1979); *Commonwealth v. Riggins,* 478 Pa. 222, 386 A.2d 520 (1978). The failure to object, therefore, does not constitute ineffectiveness.

■ During closing arguments in the case, the district attorney urged the jury not to "take an easy out" by coming back with a not guilty verdict without first considering all the evidence, "searching your souls, and ... talking with one another..." Appellant now alleges that defense

counsel was ineffective for failing to object to this argument. We disagree. The district attorney did not suggest, as appellant alleges, that if the jurors returned a verdict of not guilty, they would be ignoring their instructions, duty and responsibility. Instead, the prosecutor merely urged the jurors to do its duty. Such an argument is proper and unobjectionable. *See Commonwealth v. Smith*, 490 Pa. 380, 416 A.2d 986 (1980).

Finally, defendant alleges error in counsel's failure to object to the court's charge regarding the elements of conspiracy and the concept of reasonable doubt. As the instructions were a proper statement of the law,[7] we find no error. Based upon the foregoing reasoning, the judgment of sentence is affirmed.

---

**7.** The instruction offered on conspiracy is consistent with the definition set forth in the Crimes Code. *See* 18 Pa. C.S.A. § 903 (a). The charge on reasonable doubt accurately states the law and has been upheld by our courts in the past. *See Commonwealth v. Brown*, 470 Pa. 274, 368 A.2d 626 (1977).