568 A.2d 1266

**COMMONWEALTH of Pennsylvania**

v.

**George LYONS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 10, 1989.

Filed Dec. 27, 1989.

Reargument Denied Feb. 8, 1990.

Charles J. Porter, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for the Com., appellee.

Before BROSKY, WIEAND and KELLY, JJ.

WIEAND, Judge:

In this appeal from an order denying post conviction relief, the principal issue is whether the absence of a pre-trial, preliminary hearing requires the release and discharge of a defendant who in all other respects has been properly tried, convicted and sentenced. After careful review, we conclude that the defendant in this case is not entitled to post conviction relief and affirm the order of the P.C.R.A. court.

On December 26, 1980, a criminal complaint was filed against George Lyons in which it was alleged that he had committed the crimes of robbery and criminal conspiracy in connection with a purse snatching which had occurred on a Pittsburgh street on October 10, 1980. An arrest warrant was issued, but Lyons could not be found and the warrant was not executed. On January 6, 1981, the Commonwealth, having recited an inability to execute the warrant despite reasonable efforts because of the defendant's evasive tactics, requested leave of court to file an information without

holding a preliminary hearing. This request was granted. Lyons was not taken into custody until July 2, 1981, after which he was duly arraigned and entered a plea of "not guilty." Prior to trial, he filed a motion requesting a preliminary hearing. This motion was denied.[1] Lyons also filed pre-trial motions to suppress identification testimony and to dismiss the prosecution for a violation of Pa.R. Crim.P. 1100. These motions were denied after hearing.

Lyons was tried without jury on January 28, 1982 before the Honorable James R. McGregor and was found guilty as charged. Post-trial motions were denied, and Lyons was sentenced to serve consecutive terms of imprisonment of not less than five (5) years nor more than ten (10) years for each offense. A motion to modify sentence achieved a reduction of the minimum sentence for conspiracy to four and one-half (4½) years. A subsequent appeal to the Superior Court was interrupted by an order which remanded the case for an evidentiary hearing on a motion for new trial based on newly discovered evidence. During the course of such hearing, appellant contended that the robbery may have been committed by someone who looked like him, and the trial court ordered a new lineup. When Lyons refused to participate in the lineup, however, the court rescinded its order, granted a request by counsel to withdraw, and denied the motion for new trial. New counsel was appointed, and another appeal was filed in the Superior Court. The judgment of sentence, however, was affirmed. See: *Commonwealth v. Lyons*, 367 Pa.Super. 649, 528 A.2d 257 (1987). A petition for allocatur to the Supreme Court was denied.

On May 18, 1988, Lyons filed pro se a petition which collaterally attacked his conviction. Although styled a petition under the Post Conviction Hearing Act, it was more correctly a request for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., which had become effective on April 13, 1988. Counsel was appointed, an

---

1. Neither a motion for preliminary hearing nor an order denying the same appears among the record papers. Appellant alleges that such a motion was filed and denied by the Honorable Robert E. Dauer, and the Commonwealth does not dispute that such occurred.

addendum to the petition was filed, and an evidentiary hearing was held before the Honorable James R. McGregor. Post conviction relief, however, was denied. This appeal followed.

Appellant's first contention is that the court in Allegheny County erred when it permitted the Commonwealth to file an information without a preliminary hearing. This issue, however, was not raised in post-trial motions or on direct appeal. In the absence of extraordinary circumstances, therefore, the issue has been waived. See: 42 Pa.C.S. § 9544(b); *Commonwealth v. Craddock,* 370 Pa.Super. 139, 142–143, 535 A.2d 1189, 1191 (1988).

In order to avoid the effect of an apparent waiver, appellant argues that his trial counsel and subsequent counsel were constitutionally ineffective for failing to move to quash the information and for failing to preserve the absence of a preliminary hearing for appellate review. For counsel to be found constitutionally ineffective, it must be shown that there was arguable merit in the claim not asserted, that the failure to assert the same was not reasonable, and that the defendant was prejudiced thereby. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

"There is no constitutional right, federal or state, to a preliminary hearing." *Commonwealth v. Ruza,* 511 Pa. 59, 64, 511 A.2d 808, 810 (1986). See: *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *Commonwealth v. Mayberry,* 459 Pa. 91, 327 A.2d 86 (1974). In Pennsylvania, Pa.R.Crim.P. 141 contains provision for a preliminary hearing whose principal function is to protect the individual against unlawful detention. *Commonwealth v. Ruza, supra,* 511 Pa. at 64, 511 A.2d at 810. Under certain circumstances, the attorney for the Commonwealth may be permitted to file an information without a preliminary hearing. Pa.R.Crim.P. 231(a) provides as follows:

(a) When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the statute of limitations will otherwise bar prosecution, an information

is necessary in order to extradite the defendant, or a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to file an information with the court without a preliminary hearing.

Under this rule, appellant's fugitive status was not, without more, sufficient "good cause" for filing an information without a preliminary hearing. *Commonwealth v. Ferrari,* 376 Pa.Super. 307, 545 A.2d 1372 (1988); *Commonwealth v. Costello,* 301 Pa.Super. 537, 448 A.2d 38 (1982). Thus, there is arguable merit to appellant's contentions that he was improperly denied a preliminary hearing and that his trial counsel should have moved to quash the information.

The absence of a preliminary hearing, however, did not so impair the truth determining process as to require that appellant be discharged. Here, the case was tried and the evidence was submitted to the court which, as trier of the facts, found not only that the Commonwealth had established a prima facie case of guilt but that appellant's guilt had been proved beyond a reasonable doubt. Any deficiency in the preliminary hearing procedure, therefore, was harmless. See: *Commonwealth v. Ruza, supra; Commonwealth v. Hess,* 489 Pa. 580, 589–590, 414 A.2d 1043, 1048 (1980). Cf. *Commonwealth v. Ferrari, supra.* Because the truth determining process was not impaired by counsel's alleged ineffectiveness, the P.C.R.A. court did not err when it dismissed appellant's petition for post conviction relief. Appellant failed to show that he had been prejudiced by counsel's failure to assert post-trial the absence of a pre-trial preliminary hearing.

The same result is reached by an application of the Post Conviction Relief Act. This Act, at 42 Pa.C.S. § 9543, provides that to be eligible for relief a person must prove by a preponderance of the evidence that, (1) he has been convicted of a crime and (2) "[t]hat the conviction ... resulted from one or more of the following:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the

United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

As we have already observed, appellant has failed to show that the absence of a preliminary hearing in any way undermined the truth determining process so as to render unreliable the trial court's finding of guilt.

Appellant relies upon the decision of the Superior Court in *Commonwealth v. Costello, supra,* where a failure to provide the defendant with a preliminary hearing resulted in a decision to quash the information and discharge the defendant. We need not determine whether the *Costello* court correctly discharged a defendant who had been tried and found guilty beyond a reasonable doubt, for in any event that decision is distinguishable from the present case.[2] There, the case was before the Superior Court on direct appeal. In the instant case, appellant's conviction was affirmed on a direct appeal in which the absence of a preliminary hearing had not been argued. The matter is now before this Court under the recently enacted Post Conviction Relief Act to determine whether appellant is entitled to P.C.R.A. relief on grounds that all prior counsel were ineffective for failing to preserve and argue on direct appeal the defective preliminary hearing procedure. We hold only that appellant is not entitled to collateral relief under the Post Conviction Relief Act where, as here, the absence of a preliminary hearing did not so undermine the truth determining process as to render unreliable the adjudication of guilt. Therefore, counsel's failure to move pretrial to quash the information does not require that appellant be discharged.

2. We also do not decide whether the decisions in *Costello* and *Ferrari* are in conflict.

Appellant also contends that the trial court's finding of a conspiracy was contrary to the weight of the evidence. This issue was raised in post-trial motions, but it was not argued on direct appeal. Instead, counsel argued on direct appeal that the evidence was insufficient to sustain the finding that he was guilty of conspiracy.

The distinction between sufficiency of the evidence and weight of the evidence was discussed in *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 124–125, 485 A.2d 459, 461 (1984), where the Court said:

Sufficiency of the evidence and weight of the evidence are discrete inquiries.... In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt....

A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Whiteman, supra,* citing *Commonwealth v. Taylor*, 324 Pa.Super. 420, 425, 471 A.2d 1228, 1229–1230 (1984) (citations omitted). Appellant argues, therefore, that appellate counsel was ineffective for failing to argue on direct appeal that the conspiracy verdict was contrary to the weight of the evidence.

■ We reject this claim because we find no arguable merit in appellant's contention that the verdict was contrary to the weight of the evidence. Relief may be granted on the ground that a verdict is against the weight of the evidence only if the record reveals that the verdict is so contrary to the evidence as to "shock one's sense of justice." *Commonwealth v. Saksek*, 361 Pa.Super. 173, 178, 522 A.2d 70, 72 (1987); *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981). This is not the case here.

The evidence showed that while Mrs. Shirley Miller was speaking to a neighbor on the morning of October 10, 1980, a light-skinned, black male approached her, grabbed her purse and a money bag which together contained approximately nineteen hundred fifty ($1950) dollars in cash, and ran away. Mrs. Miller was unable to release the purse from her arm and was dragged along the street, with resulting injury to her person. The assailant was observed by other witnesses as he entered a brown car, with an unknown driver, and left the area. One witness, however, obtained the license number of the vehicle and gave it to police. The vehicle was traced to Harry Coleman, and cash in the amount of $838 was found in the glove compartment of the car. Coleman later pleaded guilty to receiving stolen property. He testified at trial that he believed appellant was the man who had entered his car on the day of the robbery and that appellant was then going through a woman's purse. Three witnesses had selected appellant's photo from an array prepared by police [3] and at a lineup. They also identified appellant at trial. Hair samples taken from a hat recovered at the scene of the robbery were tested and were determined to have the same microscopic characteristics as samples of appellant's hair.

Criminal conspiracy is defined at 18 Pa.C.S. § 903(a) to be an agreement between two or more persons to commit a

---

[3]. One of the three witnesses selected appellant's photo, together with two other photos, as the possible robber.

crime or an agreement by one person to aid another person or persons in the planning or commission of a crime.

> [I]n order to convict a defendant of conspiracy, a factfinder must conclude that he reached an agreement with his co-conspirator to commit the crime. *Commonwealth v. Graves*, 316 Pa.Super. 484, 463 A.2d 467 (1983). Direct proof of the corrupt agreement, however, is not necessary. *Commonwealth v. Brown*, 351 Pa.Super. 119, 505 A.2d 295 (1986). "An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities." *Commonwealth v. Campbell*, 353 Pa.Super. 178, 509 A.2d 394 (1986) *quoting Commonwealth v. Strantz*, 328 Pa. 33, 43, 195 A. 75, 80 (1937). Thus, the existence of a common agreement between co-conspirators may be inferred from circumstantial evidence surrounding the allegedly conspiratorial activities, and from the relationship between and the conduct of the parties. *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984).

*Commonwealth v. Anderson*, 381 Pa.Super. 1, 15–16, 552 A.2d 1064, 1071 (1988).

In the instant case, an illicit agreement between appellant and Coleman could be inferred from the circumstances. The trier of the facts was not required to accept Coleman's testimony that there had been no agreement to commit a crime. "The credibility of witnesses and the weight to be accorded the evidence produced [were] matters within the province of the trier of fact; the fact finder [was] free to believe all, some or none of the evidence." *Commonwealth v. Smith*, 502 Pa. 600, 604, 467 A.2d 1120, 1122 (1983). See also: *Commonwealth v. Nelson*, 514 Pa. 262, 272, 523 A.2d 728, 733 *cert. denied*, 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987). The trial judge in this case, as fact finder, determined that Coleman's presence in the area of the crime was not merely fortuitous but by design for the purpose of assisting appellant in getting away after the

crime. Our review of the record fails to disclose any good reason for disturbing the trial court's finding.

Order affirmed.

KELLY, J., files a concurring opinion.

KELLY, Judge, concurring:

In *Commonwealth v. Ferrari,* 376 Pa.Super. 307, 545 A.2d 1372 (1988), this author opined for the majority that:

> In *Commonwealth v. Costello,* [301 Pa.Super. 537, 448 A.2d 38 (1982)] this Court stated:
>
>> We hold, therefore, that the Commonwealth failed to show the existence of 'exceptional circumstances' that would constitute 'good cause' under Rule 231, as amended. Where no preliminary hearing has been held and there exist none of the recognized exceptions to the holding of a preliminary hearing, the proper remedy is to quash the information. *Commonwealth v. Brabham,* 225 Pa.Super. 331, 309 A.2d 824 (1972).
>>
>> In view of our disposition of the Rule 231 question, we do not need to reach the other issues raised by appellant in this appeal.
>>
>> The judgment of sentence is reversed, appellant's conviction is vacated, the information is quashed and appellant is discharged.
>
> 448 A.2d at 41. Appellant seeks identical relief.
>
> Succinctly, we find that *despite the holding in Costello, not every denial or abridgement of an accused's right to a preliminary hearing warrants reversal and discharge following an otherwise fair trial and conviction.* In *Commonwealth v. Emmett,* 274 Pa.Super. 23, 417 A.2d 1232 (1979), this Court declined to grant a defendant discharge following his conviction where the violation of Pa.R.Crim.P. 231 was technical and the defendant had not demonstrated any prejudice arising from the violation.

Likewise, in *Commonwealth v. Ruza,* 511 Pa. 59, 511 A.2d 808 (1986), our Supreme Court held that it was unnecessary to decide whether "good cause" to proceed under Pa.R.Crim.P. 231(a) had been established, as any error in that regard would be deemed harmless in that the pre-trial hearing conducted in that case provided procedural protections equivalent to a preliminary hearing.

Similarly, this Court has held on several occasions that the denial of counsel at the preliminary hearing stage will not require post-conviction relief unless actual prejudice is shown to have arisen from the denial of counsel. *See Commonwealth v. Bennie,* 352 Pa.Super. 558, 508 A.2d 1211 (1986); *Commonwealth v. Bastone,* 321 Pa.Super. 232, 467 A.2d 1339 (1983); *Commonwealth v. Rines,* 247 Pa.Super. 429, 372 A.2d 901 (1977). Indeed, *the requirement that a defendant must show both error and prejudice to warrant relief is the general rule in criminal appeals. See e.g. Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987) (violation of Pa.R.Crim.P. 130(d) does not require relief in absence of actual prejudice arising from the violation); *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987) (error by prior counsel does not require relief in absence of actual prejudice arising from the error).

Based on the foregoing, we conclude that *appellant* herein *must demonstrate prejudice arising from the violation of Pa.R.Crim.P. 231(a) before reversal of his convictions and discharge would be required or appropriate.*

545 A.2d at 1379–80. (Emphasis added).

Here, there was no demonstration of prejudice. Any suggestion in *Costello* that relief will be granted in absence of prejudice is a dead letter with no precedential or persuasive authority.

I join the majority Opinion.