J-S41020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY VELAZQUEZ | |
| Appellant | No. 2206 MDA 2014 |

Appeal from the PCRA Order June 10, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003824-2008
CP-36-CR-0003826-2008 CP-36-CR-0005949-2009

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED JULY 24, 2015**

Anthony Velazquez appeals from the order of the Court of Common Pleas of Lancaster County that dismissed his petition filed pursuant to the Post Conviction Relief Act[1] and granted his counsel's motion to withdraw. After careful review, we affirm based on the opinion of the Honorable Dennis E. Reinaker.

On April 13, 2010, Velazquez pled guilty to one count of burglary, one count of harassment, one count of aggravated assault, two counts of terroristic threats, and fifteen counts of intimidation of a witness.  On June

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

17, 2010, the trial court sentenced him to an aggregate sentence of 13 to 26 years' incarceration.

Velazquez filed an appeal to this Court, which affirmed his judgment of sentence on June 27, 2011. Velazquez's counsel did not file a petition for allowance of appeal. However, following reinstatement of his appellate rights, he filed a petition for allowance of appeal, which the Supreme Court denied on October 30, 2013.

On March 3, 2014, Velazquez filed a *pro se* PCRA petition, and on March 5, 2014, the court appointed Christopher Lyden, Esquire, to represent Velazquez and directed that an amended petition be filed within 45 days. Instead, on April 2, 2014, counsel filed a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Attached to the motion was a copy of a letter to Velazquez in which counsel explained that the six issues raised in Velazquez's *pro se* petition had no merit, and that after an independent review of the record, he found no other meritorious claims.

On May 13, 2014, the court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, which included an independent analysis based on its review of "the *pro se* motion, the guilty plea and sentencing transcripts and the other documentation contained in the file." Notice of Intent to Dismiss, 5/13/14, at 4. On June 2, 2014, Velazquez filed a

response. By order filed June 10, 2014, the court dismissed the PCRA petition and granted counsel's motion to withdraw.

On November 21, 2014, the court granted Velazquez's request to file an appeal *nunc pro tunc* and on December 15, 2014, he filed a timely notice of appeal. In response to an order from the trial court, Velazquez filed a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court filed its Rule 1925(a) opinion on February 17, 2015.

On appeal, Velazquez raises the following issues, *verbatim*, for our review:

1. Whether the PCRA court abused its discretion in accepting PCRA counsel's defective "no-merit" letter, and for agreeing with PCRA counsel that the pro se PCRA petition is meritless, when [Velazquez] was deprived of the opportunity of legally trained counsel to advance his position in acceptable legal terms, amounting to his first timely filed PCRA petition being effectively uncounseled, when PCRA counsel failed to participate meaningfully by failing to modify and amend the inarticulately drafted pro se PCRA petition, failed to properly review the entire certified record in this case, failed to communicate with [Velazquez] and for failing to investigate [Velazquez's] claims and contentions first, before filing the defective "no-merit" letter, despite the presence of claims of arguable merit, in violation of [Velazquez's] right to counsel on his first timely filed PCRA petition?

2. Whether the PCRA court abused its discretion in accepting PCRA counsel's defective "no-merit" letter, and for agreeing with PCRA counsel that the pro se PCRA petition is meritless, and for denying and dismissing the pro se PCRA petition without a hearing, despite the presence of claims of arguable merit, in that guilty plea counsel rendered ineffective assistance of counsel for advising [Velazquez] to plead guilty to aggravated assault – law enforcement officer, 18 Pa.C.S.A.

§ 2702(a)(3), when there was no factual basis to establish the crime, causing [Velazquez] to enter into an unknowing, unintelligent and involuntary pleas of guilty, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 9 of the Pennsylvania Constitution?

3. Whether the PCRA court abused its discretion in accepting PCRA counsel's defective "no-merit" letter, and for agreeing with PCRA counsel that the pro se PCRA petition is meritless, and for denying and dismissing the pro se PCRA petition without a hearing, despite the presence of claims of arguable merit, in that guilty plea counsel rendered ineffective assistance of counsel for failing to object at the guilty plea proceedings when the court erred in failing to hold a hearing on [Velazquez's] mental illness at the time of the offenses to which the guilty-but mentally ill plea was entered and/or the guilty-but-mentally ill aspects of the plea, under 18 Pa.C.S.A. § 314 and 42 Pa.C.S.A. § 9727(a), constituting a defective plea of guilty-but mentally ill, in violation of [Velazquez's] right under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 9 of the Pennsylvania Constitution?

Appellant's Brief, at xi.

On appeal from the denial of PCRA relief, this Court must determine whether the post-conviction court's findings were supported by the record and whether the court's order is otherwise free of legal error. *Commonwealth v. Blackwell*, 647 A.2d 915 (Pa. Super. 1994). The findings of the PCRA court will not be disturbed unless they have no support in the record. *Id.*

> The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court . . . can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner

- 4 -

wishes to have examined, explaining why those issues are meritless. The PCRA court . . . then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012) (citations omitted).

After careful review of the parties' briefs, the record and the relevant law, we agree with President Judge Reinaker's analysis and affirm on the basis of his opinion. We instruct the parties to attach a copy of President Judge Reinaker's decision in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015

- 5 -

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
:
v. : Nos. 3824-2008, 3826-2008, 5949-2009
:
ANTHONY VELAZQUEZ :

### Pa.R.A.P. 1925(a) MEMORANDUM OF OPINION

BY: REINAKER, J.
February 17, 2015

The Defendant, Anthony Velazquez, has filed a Direct Appeal to the Superior Court from his sentence in the above captioned matter. The Defendant entered a guilty plea on April 13, 2010 on docket number 3826-2008 for one count of burglary[1] and one count of harassment;[2] on docket number 3824-2008, two counts of intimidation of a witness,[3] one count of aggravated assault,[4] and two counts of terroristic threats;[5] and on docket number 5949-2009, 13 counts of intimidation of a witness.[6] On June 17, 2010, the Defendant was sentenced to an aggregate of 13 to 26 years' incarceration.

The Defendant filed a timely notice of appeal to the Superior Court of Pennsylvania on September 20, 2010 but on June 27, 2011 the Superior Court affirmed the judgment of sentence. The Defendant's counsel did not seek an allowance of appeal in the Supreme Court of Pennsylvania. On March 23, 2012 the Defendant filed a *pro se* Motion for Post-Conviction Collateral Relief and was appointed counsel. PCRA Counsel filed an Amended Petition on

---

[1] 18 Pa.C.S.A. §3502(a).
[2] 18 Pa.C.S.A. §2709(a)(1).
[3] 18 Pa.C.S.A. §4952(a)(3).
[4] 18 Pa.C.S.A. §2702(a)(3).
[5] 18 Pa.C.S.A. §2706(a)(1).
[6] 18 Pa.C.S.A. §4952(a)(3).

APPENDIX "A"

August 20, 2012 and a PCRA hearing was held on December 7, 2012. An Order granting, in Part Defendant's Motion was granted on December 13, 2012. The Defendant's allowance of appeal to the Supreme Court of Pennsylvania, which was filed on September 27, 2013, was denied on October 30, 2013.

Next, on March 3, 2014, the Defendant filed a second *pro se* motion pursuant to the Post Conviction Relief Act. Christopher P. Lyden, Esquire was appointed to represent him and given leave to file an amended petition if deemed appropriate. On April 2, 2014, Mr. Lyden filed a "no-merit" letter and Motion to Withdraw as Counsel pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1998). The Court sent notice that it intended to dismiss his motion without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907(1) on May 13, 2014. The Defendant was given leave to respond and the Defendant timely filed a response on June 2, 2014. The Court reviewed the Defendant's response and concluded that he did not provide any relevant information in support of his claims of relief under the PCRA. Therefore, on June 10, 2014 the PCRA Court dismissed the petition. On December 15, 2014 the Defendant filed a notice of appeal and was directed to file a Pa.R.A.P. 1925(b) statement and he has done so. The Commonwealth has filed its Answer.

In his appeal the Defendant identifies four issues involving the Court's denial of his PCRA. The Defendant asserts that the PCRA court abused its discretion in accepting his PCRA Counsel's No-Merit Letter and that in accepting the No-Merit Letter, the Court deprived him of the opportunity to have counsel advance his position for appeal. In his final three claims he asserts that the Court abused its discretion when it deprived him of the opportunity to have a PCRA hearing. However, the Court properly dismissed the Defendant's PCRA Petition according to the requirements established by Commonwealth v. Finely, 550 A.2d 213 (Pa. 1988)

2

and <u>Commonwealth v. Friend</u>, 896 A.2d 607 (Pa.Super. 2006). There are six requirements that a court and PCRA Counsel must take before a Motion to Withdraw may be granted. <u>Commonwealth v. Friend</u> states that:

> "1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, [12] or with the assistance of privately retained counsel;
> 5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and
> 6) the court must agree with counsel that the petition is meritless."

<u>Com. v. Friend</u>, 2006 PA Super 70, ¶ 8, 896 A.2d 607, 615 (2006) <u>abrogated by</u> <u>Com. v. Pitts</u>, 603 Pa. 1, 981 A.2d 875 (2009).

Here, both PCRA Counsel and this Court properly followed the procedures required. PCRA Counsel filed a No-Merit Letter in which he discussed the Defendant's claims and explained why the issues were meritless in detail. This letter was also sent to the Defendant and his PCRA Counsel explained that the Petitioner had the right to proceed pro se. The Court also properly complied by conducting its own independent review of the record and ultimately agreed with the PCRA Counsel that the Motion was meritless. Both PCRA Counsel and the Court gave the Defendant time to respond on numerous occasions; first, when his PCRA counsel filed his No-Merit Letter, and second after the Court mailed its Rule 907 Notice. The Court therefore

3

refers and incorporates in this Opinion, its specific opinions on the meritless claims of the

Defendant's Petition in its Rule 907 Notice issued on May 13, 2014.

Accordingly, I conclude the grounds identified by the Defendant in his Pa. R.A.P.

1925(b) statement are meritless.

BY THE COURT:

/s/DENNIS REINAKER
PRES. JUDGE

DENNIS E. REINAKER
PRESIDENT JUDGE
February 17, 2015

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

ATTEST:

Joshua G. Parsons
Clerk of the Courts

Copies to:

District Attorney's Office.
Anthony Velazquez, Defendant

4

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
            :
    v.        :  Nos. 3824-2008, 3826-2008, 5949-2009
            :
ANTHONY VELAZQUEZ    :

### Pa.R.Crim.P. 907 NOTICE

On March 3, 2014, the Defendant filed a *pro se* motion pursuant to the Post Conviction

Relief Act. Christopher P. Lyden, Esquire was appointed to represent him and given leave to file

an amended petition if deemed appropriate. On April 2, 2014, Mr. Lyden filed a "no-merit"

letter and Motion to Withdraw as Counsel pursuant to Commonwealth v. Finley, 550 A.2d 213

(Pa.Super. 1998). For the reasons set forth below and after a review of the entire record, I

conclude that the Defendant's motion is meritless and there are no genuine issues concerning any

material fact. No purpose would be served by any further proceedings.

In order for PCRA counsel to be permitted to withdraw from the case, certain

requirements must be met. First, counsel must submit a "no-merit" letter. This letter must detail

the nature and extent of counsel's review of the case. The letter must also list each issue that the

Petitioner complains of and counsel's explanation as to why each issue is meritless. It is then the

job of the PCRA Court to conduct a thorough and independent review of the record. If the Court

agrees with counsel that the Petition is meritless, only then can counsel be permitted to

withdraw, and the Petition may be dismissed without further proceedings. See Finley 550 A.2d

at 215. Stated in another way, the Court must provide "an independent expression of its reasons"

for dismissing the Petition without a hearing." Commonwealth v. Fulton, 876 A.2d 342, 343

(Pa. 2002).

APPENDIX "B"

First, the Court will review counsel's "no-merit" letter for compliance with <u>Finley</u>. Counsel states in his letter that he performed a review of the petition as well as conducted additional legal research addressing the issues raised in the petition. (No-Merit Letter p.1). Counsel reviewed documents in the file, the guilty plea and sentencing transcripts, and the *pro se* Motion. (No-Merit Letter p.1). Next, counsel documents the case's entire procedural history and quotes the sections of the Defendant's Motion where he describes the issues he wishes to have addressed. (No-Merit Letter p.1-2).

In the remaining portion of the letter, counsel addresses all six of the Defendant's issues and explains why each issue lacks merit. The Defendant asserts six claims for relief under the PCRA. The Defendant essentially asserts his innocence pertaining to the crimes he pleaded guilty to. He argues that he 1) did not commit a burglary, 2) did not send threatening letters to the victim, and 3) did not commit an aggravated assault. 4) The Defendant claims that the victim, Jennifer Moyer, did not testify at the preliminary hearing, 5) he was promised a four (4) to eight (8) year sentence to at the preliminary hearing, and 6) he did not have a "Mental Health Hearing" prior to being sentenced.

First, PCRA counsel explains that there is no record of objection raising the Defendant's claims in the lower court. As such, the Defendant's claims were waived and not reviewable on direct appeal to the Pennsylvania Superior Court. Counsel further advises the Defendant that in order to avoid waiver under the PCRA he may claim that his prior counsel was ineffective. (No-Merit Letter p.1). Counsel then details the standard that must be met in proving such a claim: 1) the underlying claim is of arguable merit, 2) counsels actions were unreasonable, and 3) there is a reasonable probability that the outcome of the proceedings would have been different. (<u>Id</u>. *quoting* <u>Commonwealth v. Lambert</u>, 568 A.2d 346, 797 A.2d 232, 243 (Pa. 2001). Counsel then

explains that the Defendant plead guilty; therefore, allegations of ineffectiveness in connection with a guilty plea will serve as the basis of relief only if the ineffectiveness causes the petitioner to enter an involuntary or unknowing plea. (No-Merit Letter p.2 *citing* Commonwealth v. Allen, 557 Pa. 132 (1999)).

Second, PCRA counsel explains that claims one, two, and three lack merit. Counsel cites to the Guilty Plea transcript and states that this Court summarized the facts and circumstances of each criminal charge and the Defendant acknowledged each offense. (No-Merit Letter p.2). As such, claims for relief under the PCRA are not cognizable when the record contradicts them. In short, counsel states that since the Defendant admitted to committing these offenses on the record he cannot now claim innocence. Id. Third, with regard to claims four and five counsel points out that claims of ineffectiveness at a preliminary hearing are not cognizable under the PCRA. (Id., *citing* Commonwealth v. Lyons, 568 A.2d 1266 (1989)).

Finally, PCRA counsel explains that with regard to count six, at the time of the guilty plea, the question of whether the plea would be entered as "Guilty but Mentally Ill" was left open and the Commonwealth indicated it wished to challenge this status. (No Merit Letter p.2). However, at the sentencing hearing the Commonwealth withdrew this challenge. As a result counsel avers that the Defendant's plea was entered as Guilty but Mentally Ill. Id. Counsel concludes that since this did not prejudice the Defendant this argument has no merit.

The Court is satisfied that PCRA counsel sufficiently complied with the mandates of Finley in its "No-Merit" Letter. Next, the Court must perform an independent review of the entire record. Counsel informed the Defendant in the "No-Merit" Letter that should he have any questions he was to contact counsel's office. Further, the Defendant was notified of counsel's intent to withdraw. (No Merit Letter p.2). The Court did not receive any documentation or

correspondence from the Defendant. Therefore, the Court reviewed the *pro se* Motion, the guilty plea and sentencing transcripts and the other documentation contained in the file. The Court's analysis follows.

The law presumes that counsel was effective and the Defendant has the burden of proving ineffectiveness. Commonwealth v. Brooks, 839 A.2d 245, 248 (Pa. 2003). Therefore, to prevail on an ineffectiveness claim, the Defendant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) counsel's performance caused him prejudice. Commonwealth v. Miller, 746 A.2d 592 (Pa. 2000). Additionally, to be eligible for relief, the petitioner must both plead and prove his case. 42 Pa.C.S.A. §9543(a). The Defendant fails to present any claim of "arguable merit" in his Motion.

The Defendant first argues that he is entitled to relief because he is innocent of the charges he pleaded guilty to. As PCRA counsel indicated, this claim is not meritorious. The record shows that the Defendant tendered a knowing and voluntary guilty plea. The Defendant entered a guilty plea on April 13, 2010 on docket numbers 3826-2008, 3824-2008, and 5949-2009. At the time of the guilty plea, the Defendant indicated to the Court that he understood he was present to plead guilty to seventeen charges on three different dockets and understood what the maximum penalties were under the law. (Notes of Testimony Guilty Plea, hereinafter "N.T.GP." 4-9). In addition, the Defendant indicated to the Court that he understood what elements the Commonwealth would have to prove for each charge and noted that he discussed this with trial counsel. (N.T.GP. 4-9). Finally, the Defendant acknowledged that he signed the guilty plea slip, guilty plea colloquy and admitted to the factual basis for the plea. (N.T.GP. 9). These circumstances indicate that the Defendant's plea was both knowing and voluntary. Claims for relief are not cognizable when the record contradicts them. Commonwealth v. Allen, 557 Pa.

4

135 (1999). The record clearly indicates that the Defendant admitted to committing the aforementioned offenses. As such, the Defendant's claim that he is innocent of everything he pleaded guilty to lacks merit. The Court followed proper procedure in this case and, therefore, the Defendant's claim has no arguable merit.

Next, Defendant argues he is entitled to relief because Jennifer Moyer did not testify at his preliminary hearing. The Defendant also argues that he is entitled to relief because he was promised a four (4) to eight (8) year sentence at the preliminary hearing. These claims are meritless. Where matters of strategy and tactics are concerned, counsel's assistance is generally deemed constitutionally effective if the course chosen had some reasonable basis designed to effectuate the defendant's interests. Commonwealth v. Miller, 819 A.2d 504, 517 (Pa. 2002). Such a claim cannot succeed through a hindsight comparison of the chosen strategy and other alternatives. Id. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness causes the petitioner to enter an involuntary or unknowing plea. Commonwealth v. Allen, 557 Pa. 132 (1999). Ultimately, it was the Defendant's sole decision to plead guilty. The court specifically asked the Defendant: "has anyone made any promises or threats to you in return for your guilty plea here today?" (N.T.GP. 11). The Defendant responded "No." Id. The Court then asked "Has anyone made any promises as to what my sentence might be in return for your plea?" Id. The Defendant responded "No." Id. As such, the Defendant has failed to prove that his guilty plea was induced by Trial Counsel's erroneous advice, and therefore, the Defendant has failed to prove any prejudice resulting against him. As such, the Defendant's realization that he was unhappy with the sentence he ultimately pleaded guilty to does not amount to the ineffective assistance of counsel. Disappointed expectations don't vitiate guilty pleas.

Finally, the Defendant argues that he is entitled to relief because he should have been afforded a "Mental Health Hearing" prior to being sentenced. During the Defendant's guilty plea on April 13, 2010, the Commonwealth requested a brief mental health hearing in order to challenge the Defendant's request to enter a plea as "Guilty but Mentally Ill." (N.T.GP. 3). The Commonwealth indicated it was "seeking to have a mental health professional evaluate Mr. Velazquez for his amenability to treatment" in either of two separate facilities. (N.T.GP. 14). Subsequently, at sentencing the Commonwealth withdrew this challenge. Assistant District Attorney Robert Smulktis indicated the following: "at the guilty plea we made mention that the Commonwealth would be making some effort to dispute whether Mr. Velazquez would be sent to Norristown State Hospital or a state correctional institution. The Commonwealth is not pursuing that anymore and I will allow the state correctional institution to determine an appropriate place to house Mr. Velazquez." (Notes of Testimony Sentencing, hereinafter "N.T.S." 29). As such, the need for an evaluation prior to sentencing was unnecessary. There was no prejudice attributed to the defendant; therefore, the Defendant's claim is without merit.

Notice is given to the Defendant that I intend to dismiss his motion without a hearing. The Defendant is granted leave until June 2, 2014 to respond to this notice and provide the Court with any relevant information or documentation for review.

**I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.**

Joshua G. Parsons
Clerk of the Courts

ATTEST:

BY THE COURT:

/s/DENNIS REINAKER
JUDGE

DENNIS E. REINAKER
JUDGE
MAY 13, 2014

Copies to:   Anthony Velazquez, SCI Fayette, Box 9999, LaBelle, PA 15450-0999
Christopher P. Lyden, Esquire
District Attorney's Office

6

Received in Superior Court

ANTHONY VELAZQUEZ
#JR-3094
SCI-FAYETTE
BOX 9999
LABELLE, PA 15450-0999

APR 0 6 2015

MIDDLE

April 1, 2015

JOSEPH D. SELETYN, ESQUIRE - PROTHONOTARY
SUPERIOR COURT OF PENNSYLVANIA - MIDDLE DISTRICT
OFFICE OF THE PROTHONOTARY
601 COMMONWEALTH AVENUE, SUITE 1600
HARRISBURG, PA 17106-2435

RE: Commonwealth v. Anthony Velazquez,
    Superior Court No. 2206 MDA 2014
    Trial Court Docket No: CP-36-CR-0003824-2008,
    CP-36-CR-0003826-2008, CP-36-CR-0005949-2009

Dear Mr. Seletyn:

    Please acknowledge receipt of the enclosed seven (7) copies
of the foregoing Brief for Appellant for filing in the above
captioned appeal.

    In conclusion, I thank you in advance for your attention and
consideration in these and other matters.


Respectfully yours,

(S) _____
    Anthony Velazquez, Pro se
    cc: A.V.
    Craig William Stedman, Esquire
    Lancaster County District Attorney;
    Enclosures.


Inmate Mail- Pa
Department of Corrections



U.S. POSTAGE PITNEY BOWES

ZIP 15450 $011.70
02 1W
0001388086 APR 02 2015