J-S19038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KEITH ALLEN EBERT, | : | |
| | : | |
| Appellant | : | No. 1349 EDA 2015 |

Appeal from the Order April 13, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s): CP-39-CR-0004816-2012

BEFORE: BENDER, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 06, 2016**

Keith Allen Ebert ("Ebert") appeals, *pro se*, from the Order entered on April 13, 2015, wherein the court entered a Pa.R.Crim.P. 907 Notice of its Intent to Dismiss Ebert's first Petition under the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541–9546. We affirm.

On June 5, 2013, following a jury trial, Ebert was found guilty of two counts of driving under the influence. The trial court also found him guilty of the summary charges of careless driving and disorderly conduct. On July 5, 2013, the trial court sentenced Ebert to an aggregate prison term of 1 year and 45 days to 5 years and 45 days. Ebert filed a Motion for Reconsideration, which the trial court denied. On October 24, 2014, this Court affirmed Ebert's judgment of sentence. ***See Commonwealth v. Ebert***, 108 A.3d 122 (Pa. Super. 2014) (unpublished memorandum).

On December 3, 2014, Ebert filed a *pro se* PCRA Petition. The PCRA court appointed Attorney Mathew J. Rapa, Esquire ("Rapa"), as counsel. Rapa filed a "no-merit" letter pursuant to **Turner**/**Finley**,[1] along with a Motion to Withdraw as Counsel. The PCRA court granted Rapa's Motion to Withdraw. Thereafter, the PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss without a Hearing. Ebert filed a Notice of Appeal from the Rule 907 Notice Order. Thereafter, on July 1, 2015, the PCRA court entered an Order denying Ebert's PCRA Petition.

On appeal, Ebert raises the following questions for our review:

1. Did the [PCRA] court err when it denied [Ebert's] claims of ineffective assistance of counsel at his preliminary hearings and [where] trial counsel failed to move or litigate and/or file proper pre-trial/post-trial motions and particular[l]y did not correspond with [Ebert] after sentencing?

2. Did the [PCRA] court err when it granted [Rapa's] Motion to Withdraw as Counsel and[,] particular[l]y[,] his ineffective assistance of counsel?

3. Did the [PCRA] court err when it denied that the Commonwealth establish a *prima facie* case in order for trial to proceed[;] thus, the trial court lack[ed] jurisdiction of the subject matter?

Brief for Appellant at 8 (capitalization omitted).[2]

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We note that while Ebert raises three issues on appeal, he fails to divide his argument section in accordance with Pa.R.A.P. 2119(a). **See** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued[.]").

- 2 -

Before reviewing the merits of an appeal under the PCRA, we must determine whether we have jurisdiction to address Ebert's appeal. It is well-settled that "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910. While an appeal may be regarded as prematurely filed, it is perfected once a final order is entered. **See** Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Here, Ebert filed a Notice of Appeal from the Rule 907 Notice, which was not a final order. **See** Pa.R.A.P. 341; Pa.R.Crim.P. 910. However, the record reveals that the PCRA court issued an Order of denial after Ebert filed his Notice of Appeal. Thus, because the PCRA court announced its final determination with respect to Ebert's PCRA Petition, and subsequently filed its final Order, we will address his claims. **See Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (concluding that defendant's appeal was not quashed even though he filed a notice of appeal from the PCRA court's Rule 907 notice because the PCRA court subsequently entered a final order denying the PCRA petition); **see also** Pa.R.A.P. 905(a)(5).

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA

- 3 -

level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Ebert contends that his counsel was ineffective during his preliminary hearing. Brief for Appellant at 10-14. Ebert argues that counsel should have called potential prosecution witnesses at the preliminary hearing and presented evidence to contest the existence of a *prima facie* case. *Id*. at 10, 12, 14. Ebert also asserts that counsel should have moved for the dismissal of the charges based upon deficiencies related to the preliminary hearing. *Id*. at 11.[3]

To succeed on an ineffective assistance of counsel claim, Ebert must demonstrate by a preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is

---

[3] We note that ineffective assistance of counsel claims relative to a preliminary hearing are cognizable under the PCRA. *See Commonwealth v. Stultz*, 114 A.3d 865, 882 (Pa. Super. 2015).

presumed to be effective, and the burden is on the appellant to prove otherwise. **Commonwealth v. Hanible**, 30 A.3d 426, 439 (Pa. 2011).

Here, Ebert cannot establish actual prejudice relative to the alleged errors that transpired at his preliminary hearing. Indeed, "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." **Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013); **see also Stultz**, 114 A.3d at 881. Thus, because the truth-determining process is not implicated, Ebert's ineffectiveness of counsel's claims in this regard are without merit. **See Commonwealth v. Lyons**, 568 A.2d 1266, 1268 (Pa. Super. 1989) (concluding that counsel was not ineffective where petitioner had failed to show that "the absence of a preliminary hearing in any way undermined the truth determining process so as to render unreliable the trial court's finding of guilt."); **see also Stultz**, 114 A.3d at 881.

Ebert additionally contends that trial counsel rendered ineffective assistance of counsel for failing to file post-sentencing motions to raise various sentencing issues. Brief for Appellant at 14. Ebert specifically argues that counsel did not challenge the trial court's failure to assess whether he was addicted to drugs or alcohol. **Id**. Ebert further argues that counsel failed to seek a sentence in the Recidivism Risk Reduction Incentive ("RRRI") program. **Id**.

Here, during sentencing, the trial court explicitly stated that Ebert would undergo drug and alcohol abuse treatment. *See* N.T., 7/5/13, at 12. The trial court also had the benefit of a pre-sentence investigation report. *Id*. at 2; *see also Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (stating that "[w]here pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself."). Moreover, aside from bald allegations, Ebert has failed to demonstrate that he was eligible for the RRRI program.[4] Thus, Ebert's ineffectiveness claims are without merit.[5]

Ebert next contends that the trial court lacked subject matter jurisdiction. Brief for Appellant at 10, 13. It is well-settled that "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074

---

[4] At sentencing, the trial court noted that Ebert had a offense gravity score of 1 and a prior record score of 5. N.T., 7/5/13, at 3. The trial court also noted that Ebert had four prior DUIs. *Id*. at 4, 5.

[5] We note that Ebert also claims that counsel was ineffective for failing to file pre-trial motions. Brief for Appellant at 10. However, Ebert does not indicate which issues counsel failed to raise. *See* Pa.R.A.P. 2119(a). Thus, this claim is waived.

(Pa. 2003). Thus, Ebert's contention is without merit.[6]

Ebert finally contends that his PCRA counsel, Rapa, was ineffective for stating that Ebert's ineffectiveness claims with regard to the preliminary hearing were without merit when withdrawing as counsel. Brief for Appellant at 13.

Initially, Ebert's failure to raise his claim of ineffectiveness of PCRA counsel in a response to the Rule 907 Notice results in waiver of his claim. **See Commonwealth v. Ford**, 44 A.3d 1190, 1198 (Pa. Super. 2012) (stating that "when counsel files a **Turner**/**Finley** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss."); **see also Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009). In any event, as noted above, Ebert's underlying claims regarding alleged defects at the preliminary hearing do not entitle him to relief. **See Sanchez**, 82 A.3d at 984. Thus, Rapa was not ineffective when stating that Ebert's claims were

---

[6] To the extent Ebert claims that the trial court did not have subject matter jurisdiction based upon errors at the preliminary hearing, we conclude that this claim is without merit. As noted above, Ebert was found guilty following a jury trial, rendering any defects at the preliminary hearing immaterial. **See Sanchez**, 82 A.3d at 984.

without merit in the **Turner**/**Finley** "no-merit" letter.[7]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016

---

[7] We additionally observe that Rapa fulfilled all of the requirements to withdraw pursuant to **Turner**/**Finley**. **See Pitts**, 981 A.2d at 876 n.1 (setting forth the requirements to withdraw as counsel in PCRA proceedings); **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011) (noting that the Supreme Court in **Pitts** did not expressly overrule the additional requirement imposed by this Court in **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006)).